COMMONWEALTH *vs.* MARGARET HARLOW.

At the trial of an indictment when the defendant has not testified and has called no witnesses, it is erroneous for the judge to instruct the jury that nothing is to be presumed against the defendant for not testifying, but that the failure of a defendant to produce evidence which it was in his power to produce, to meet the evidence adduced by the Commonwealth, is a proper matter for them to consider.

INDICTMENT under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping a tenement used for the illegal sale of intoxicating liquors. At the trial in the Superior Court, before *Pitman*, J., there was no direct evidence of sales, but the government relied on circumstantial evidence. The defendant called no witnesses, and did not testify herself. The judge instructed the jury, after alluding to the evidence on the part of the Commonwealth, " that nothing was to be presumed against the defendant herself for not testifying in her own behalf, but that the failure of a defendant to produce evidence which it was in his power to produce, to meet the evidence adduced by the Commonwealth, was a competent and proper matter for them to weigh in considering the question of his guilt." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. Brown*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

CHAPMAN, C. J. The St. of 1870, *c.* 393, § 1, which makes defendants who are charged with crimes and offences competent witnesses, provides that their neglect or refusal to testify shall not create any presumption against them. This provision conforms to Article 12 of the Declaration of Rights, which declares that no subject shall be compelled to furnish evidence against himself. Since this class of defendants are allowed to testify if they will, there is some danger that if one exercises his right of silence, the jury will look upon it as a proper matter to weigh against him in considering the question of his guilt. It is important that courts should carefully guard his constitutional right. There is reason to apprehend that it was not guarded as it should have been in this case. For though the jury were told " that nothing was to

be presumed against the defendant herself for not testifying in her own behalf," they were also told " that the failure of a de-fendant to produce evidence which it was in his power to pro-duce, to meet the evidence adduced by the Commonwealth, was a competent and proper matter for them to weigh in considering the question of his guilt." They were not told that this last re-mark did not apply to his own testimony, but merely to his fail-ure to produce other witnesses. Nor was it otherwise qualified. The omission of every qualification might lead the jury to under-stand that though his neglect to testify did not raise a presump-tion against him, yet they might weigh the fact and allow it to have such influence as they thought it deserved. The instruction was at least equivocal, in a matter where it ought to have been clear, and we fear it operated unfavorably to the defendant.

*Exceptions sustained.*