COMMONWEALTH *vs.* ROBERT SCOTT & another.

Hampshire.    October 5. — 19, 1877.    ENDICOTT & LORD, JJ., absent.

If the defendant in a criminal case does not testify, the prosecuting attorney cannot be allowed to comment to the jury on the reasons given by the defendant's counsel for his not testifying, nor to give other reasons which the government contended really existed for his not testifying.

INDICTMENT against Robert Scott and James Dunlap, for breaking and entering the house of Laura B. Whittelsey, in the night time, with intent to commit larceny therein.

At the trial in the Superior Court, before *Bacon,* J., after twelve jurymen had been sworn, but before the jury had been empanelled, the judge allowed the government, against the de-fendants' objection and exception, to peremptorily challenge one of the jurors thus sworn. During the trial the defendants ex-cepted to the admission of certain evidence introduced by the government, and to the exclusion of certain evidence offered by them, which it is unnecessary now to state.

Neither of the defendants testified at the trial. Their coun-sel, in his closing argument, alluded to this fact, and to the rea-sons for it, and stated that the fact that they did not testify should not raise any presumption against them, and made the following remarks : " What good would the testimony of these people be in proving their innocence ? If guilty, would they confess it ? If innocent, they are to be proved so by other lips than theirs. I have been endeavoring to discover the real facts in this case, and have never asked Scott, or Dunlap, or Mrs. Scott about it, and have never spoken to these men, nor heard their voices except as they were challenging the jury. They could add by their word nothing for me, either for or against them. I tell you, gentlemen, I never yet called a prisoner to the stand. I never have been through the farce, and I could not be here to ask that these men might have their shackles taken off and go upon the stand and declare their innocence to you. Their testimony would be utterly worthless. When Professor Webster was tried for the murder of Dr. Parkman, his two daugh-ters went upon the stand, and delivered important testimony. The lawyers for the government asked no questions, but bowed

them gracefully from the stand, because they knew that from the lips of those daughters, pleading for the life of their father, no testimony could come that would weigh with the jurors. And so, gentlemen, as I said before, I could not have these men unshackled to protest their innocence to you. If they went on the stand, what could they do but deny the testimony of Edson, that he met them on Lexington Avenue and 50th Street, or Madison Avenue, at Red Leary's, and Fort Hamilton, or that they came here?"

The prosecuting attorney, in his closing argument, was proceeding to discuss these reasons and to argue that other reasons than those suggested were the real reasons for not calling the defendants and Mrs. Scott as witnesses, when the counsel for the defendants interrupted, and asked the judge to rule that the fact that the defendants did not testify could not be commented on by the government. But the judge, " having first stated the law that the fact that the defendants did not testify did not create any presumption against them, ruled that, inasmuch as the matter had been referred to by the defendants' counsel, the prosecuting attorney had a right to comment on the reasons which the defendants' attorney gave for their not going upon the stand and testifying in their behalf, and also to give the reasons which the government contended really existed for their not testifying, and permitted the prosecuting attorney to proceed in his comments."

The jury returned a verdict of guilty ; and the defendants alleged exceptions.

*H. H. Bond*, for the defendants.

*C. R. Train*, Attorney General, & *W. C. Loring*, Assistant Attorney General, for the Commonwealth.

GRAY, C. J. By our system of jurisprudence, the government has no right to interrogate a person accused of crime, or to compel him to testify, but must sustain its charge by independent evidence. The accused has the right to simply deny his guilt, and to rely upon the legal presumption of his innocence, until he is proved to be guilty. In accordance with this ancient rule of the common law, the Constitution of the Commonwealth declares that no subject shall be compelled to accuse or furnish evidence against himself. Declaration of Rights, art. 12. The statutes

allowing persons charged with the commission of crimes or offences to testify in their own behalf were passed for their benefit and protection, and clearly recognize their constitutional privilege, by providing that their neglect or refusal to testify shall not create any presumption against them. Sts. 1866, *c.* 260 ; 1870, *c.* 393, § 1, *.l.* 3. And this court has decided that such silence cannot be taken into consideration by the jury in determining whether a defendant is or is not guilty, and that an equivocal instruction upon this matter entitles the defendant to a new trial; Chief Justice Chapman saying, " It is important that courts should carefully guard his constitutional right." *Commonwealth* v. *Harlow,* 110 Mass. 411.

As there is danger that the jury, knowing that the law now permits a defendant to testify, may draw inferences against him from his omission so to do, his counsel may properly, in addressing the jury, insist and enlarge upon his constitutional and legal right in this respect. When the counsel for the defendants in the present case went farther, and referred to his own opinion and practice upon the subject, and to what he supposed to have taken place in other cases, he might well have been checked by the court. But the absolute exemption, secured to the defendants by the Constitution and laws, from being compelled to testify, and from having their omission to do so used in any way to their detriment, could not be affected by superfluous or irregular suggestions of their counsel in the heat of argument. That exemption could only be waived by each defendant's own election to avail himself of the statute, and to go upon the stand as a witness. *Commonwealth* v. *Nichols,* 114 Mass. 285.

The course of the closing argument for the prosecution tended to persuade the jury that the omission of the defendants to testify implied an admission or a consciousness of the crime charged; and the presiding judge, in permitting such a course of argument, against the objection of the defendants, and in ruling that the prosecuting attorney had a right to comment on the reasons which the defendants' counsel gave for their not going upon the stand and testifying in their behalf, and also to give the reasons which the government contended really existed for their not testifying, committed an error which was mani-

festly prejudicial to the defendants, and which obliges this court to set aside the verdict and order a new trial.

This renders it unnecessary to consider the other questions presented by the bill of exceptions. Some of them are like those which have been passed upon in the other case against the same defendants, *ante*, 222. And the remaining questions of evidence, as well as that relating to a peremptory challenge by the Commonwealth of a juror who had been sworn, may not be presented again in the same form.        *Exceptions sustained.*