STATE OF MAINE *vs.* CHARLES BANKS, junior, and another.

Sagadahoc.    Opinion December 9, 1886.

*Practice.    Where accused does not testify.    R. S., c. 134, § 19.*

Neither the Declaration of Rights, § 5, nor R. S., c. 134, § 19, authorizes the county attorney in the trial of a criminal prosecution, to urge in argument to the jury that the defendant did not take the stand and deny the testimony introduced by the prosecution.

ON EXCEPTIONS.

Complaint, on appeal, from the municipal court of the city of Bath, by respondents, in which they are charged with violating the provision of section 2, chapter 463, of the Private and Special Laws of 1885, entitled, "An Act for the protection of Bass in Winnegance Creek."

*F. J. Buker*, county attorney, for the state, called attention to the decisions of the court in *State* v. *Bartlett*, 55 Maine, 220 ; *State* v. *Lawrence*, 57 Maine, 574 ; *State* v. *Cleaves*, 59 Maine, 298.

I do not overlook the fact that these cases were decided prior to the act, c. 92, laws of 1879, which adds this clause, "and the fact that he (the accused) does not testify in his own behalf, shall not be taken as evidence of his guilt." The jury were so instructed.

Of course it was a fact in the case to which the jury could not close their eyes, neither does the law require them to. The statute of Massachusetts says that "his (defendant's) neglect or refusal to testify shall not create any presumption against him." It was under this provision the cases of *Com.* v. *Harlow*, 110

Mass. 411, and *Com.* v. *Scott*, 123 Mass. 239, were decided, which would not apply to our law.

*C. W. Larrabee*, for the defendants.

VIRGIN, J. This is a complaint for "using in Winnegance Creek, a net of not less than six inches mesh," in violation of c. 463, Priv. and Spec. Laws of 1885.

A witness for the prosecution testified that he saw the net when it was taken out and was lying on the ice, and on measuring the mesh, found it to be only three inches. Neither of the defendants offered to testify. The county attorney urged in argument to the jury, that the defendants sat in court, heard the testimony relating to the size of the mesh, and did not take the stand to deny it.

In his charge to the jury, the presiding justice, after calling their attention to the above facts and instructing them, in substance, that the defendants' silence was not evidence of their guilt, that the jury must act without the defendants' testimony; that in weighing the evidence as a whole, it might make a great difference whether they testified or not; that they might own the mesh to have been less than six inches when it was not; and on the other hand they might deny it, and then that would be a fact to act upon, but that the jury had not that fact before them, proceeded as follows: " So that the county attorney was perfectly justified in calling your attention to the absence of any evidence on their part, as witnesses upon the stand, that their net was not what Mr. Frisbee described it to be. Now that is as far as the law allows you to go."

Our opinion is that the learned judge erred in allowing the jury to go thus far.

In 1864, for the first time, a person charged with the commission of a criminal offence, was made, " at his own request and not otherwise, a competent witness." St. 1864, c. 280. After this statute took effect, county attorneys, where the accused did not elect to testify, were allowed in argument to comment on the fact to the jury. *State* v. *Bartlett*, 55 Maine, 220; *State* v. *Lawrence*, 57 Maine, 574; *State* v. *Cleaves*, 59

Maine, 298. This practice continued for fifteen years; and while it operated favorably for innocent persons, it resulted disastrously to the guilty, who would not add perjury to the crime charged. Thereupon, the legislature, believing that the constitutional provision which declares that " the accused shall not be compelled to furnish or give evidence against himself" (Decl. Rights, § 5), like the rain descended upon the innocent and guilty alike, and looking to a more careful protection of this right, enacted that the fact that the defendant in a criminal prosecution does not testify in his own behalf, shall not be evidence of his guilt. St. 1879, c. 92, § 6; R. S., c. 134, § 19. We think the intent of the statute is that the jury, in determining their verdict, shall entirely exclude from their consideration the fact that the defendant did not elect to testify, substantially as if the law did not allow him to be a witness. *Com.* v. *Harlow,* 110 Mass. 411; *Com.* v. *Scott,* 123 Mass. 241. This the jury could not do under the instructions.

The other questions raised are settled in *State* v. *Adams,* 78 Maine, 486.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, LIBBEY, FOSTER and HASKELL, JJ., concurred.