Filed June 16, 1893.

---

No. 16,810.

## Frazier v. The State.

CRIMINAL LAW.—*Argument to Jury.*—*Failure of Defendant to Testify.*—*Comment on.*—Where, in a criminal prosecution, the prosecuting attorney, in his argument to the jury, used the following language: "Not a particle of evidence has come to you from the defendant, from his side of the case," the defendant not having testified in the cause, such language does not come within the inhibition of clause 4, section 1798, R. S. 1881, which forbids comment on the fact that a defendant, in such an action, did not testify in his own behalf.

SAME.—*Evidence.*—*Burglary.*—*A Series of Crimes.*—*Association of Parties.*—*Stolen Goods.*—Under a charge of burglary and larceny, the State may prove that a part of the stolen goods were found on

the person of another with whom the defendant was frequently seen, both before and after the crime, and, also, the conduct of such other party, tending to show that he was one of the thieves, and, also, mutually dependent crimes when committed under a system which becomes relevant to the issue.

From the Huntington Circuit Court.

*C. W. Watkins, Z. T. Dungan* and *G. W. Stults,* for appellant.

*A. G. Smith,* Attorney-General, and *W. A. Branyan,* for State.

COFFEY, J.—The appellant was indicted, tried and convicted, in the Huntington Circuit Court, upon a charge of burglary and larceny.

He appeals to this court, and assigns as error that the circuit court erred in overruling his motion for a new trial.

We will consider the alleged errors of the court in the order in which they are treated by the appellant in his brief.

It appears, from the record before us, that the appellant, on the trial of the cause, did not testify in his own behalf. During the argument of the cause before the jury, the prosecutor used the following language: "Not a particle of evidence has come to you from the defendant, from his side of the case."

It is contended, by the appellant, that this language was a violation of clause 4, section 1798, R. S. 1881, which forbids comment on the fact that a defendant, in a criminal case, does not testify in his own behalf, but we think the point is not well taken. The statute was not intended to prohibit the prosecutor from arguing that the jury should return a verdict in accordance with the testimony of the State because it was uncontradicted. If the contention of the appellant were sustained, such argument, which is perfectly legitimate, would be cut off.

It is true, such argument may call to the mind of the jury the fact that the defendant did not testify in his own behalf, but it can not be said to be a reference to, nor a comment upon, the fact that he did not so testify.

The burglary and larceny with which the appellant was charged and tried, occurred on the night of the 7th of June, 1892. On that night, the house of one Gusman was burglarized, and a gold watch and about thirty dollars in money stolen therefrom.

It was the theory of the State that the crime was committed by the appellant, one Manning, and others. In support of this theory, the prosecutor was permitted to prove that when Manning was arrested he had in his possession part of the stolen property, and that he fled from the officers and attempted to avoid arrest.

After proof that the appellant and Manning were seen frequently together, both before and after the burglary, and that they were together on the evening preceding the night of the burglary, the State was permitted to prove that other burglaries had been committed on the night of the 7th of June, 1892. At the house of Gusman was found certain tracks, supposed to be made by the burglars. One of these tracks was imperfect, but so far as it was plain, it exactly corresponded with a shoe worn by the appellant at the time of his arrest. At the other houses burglarized, the tracks were perfect, and the shoes worn by the appellant exactly fitted one of the tracks. The evidence tended to prove that all these tracks were made on the night of June 7, 1892.

We do not think the court erred in permitting the State to prove that a part of the stolen property was found on Manning at the time of his arrest, and his conduct tending to show that he was one of the thieves. Of course, such proof would not have been admissible for the purpose of proving a conspiracy to commit the crime

Frazier *v.* The State.

charged, because it occured after the crime was committed, but we think, when taken in connection with the appellant's association with Manning, both before and after the crime, that it was a circumstance proper to be considered by the jury in determining the guilt of the appellant.

His association with one of the thieves, together with proof tending to show that he was present at the house of Gusman, tended strongly, we think, to prove that he was one of the burglars.

Nor do we think the court erred in permitting the State to prove that burglaries other than the one charged in the indictment were committed on the same night, in connection with the proof that one of the tracks at each of the houses burglarized corresponded with the track made by the appellant.

It tended to prove not only that the appellant, on that night, was out on a mission of burglary, but also that he was present at the time Gusman's house was burglarized, and thus tended to establish that he had participated in that crime.

"A series of mutually dependent crimes may be shown where they tend to prove that they were committed under a system which becomes relevant to the inquiry." "It is always proper to introduce evidence of identity, though it may involve a collateral crime." Gillett on Crim. Law, 653; Abbott's Trial Brief, 349; Roscoe's Crim. Ev. (7th ed.), 90.

We think the evidence in the cause tended strongly to show the guilt of the appellant, of the charge preferred against him.

We can not reverse the judgment on the evidence.

Judgment affirmed.

DAILY, J., took no part in the decision of this cause

Filed Sept. 28, 1893.