## WALLACE E. JOHNSON *vs.* SAMUEL NORTON.

Third Judicial District, New Haven, January Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, JS.

Chapter LI. of the Public Acts of 1893 permits any cause tried to the jury to be brought before the Supreme Court of Errors upon the ground of a verdict against evidence. But it has not changed the principles which determine under what conditions a verdict may be set aside as against evidence.

It still remains true that a new trial will be granted only where manifest injustice has been done by the verdict, and the wrong is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they, or some of them, were influenced by corruption, prejudice, or partiality.

The court in the present case, having reviewed the entire evidence, reached the conclusion that not only was the verdict not against the evidence, but that it expressed the only correct conclusion to which the jury could come.

[Argued January 25th—decided February 19th, 1894.]

ACTION to recover damages, under § 1344 of the General Statutes, for injuries caused to plaintiff's land by a fire alleged to have been set by the defendant upon his land, whence it ran upon the plaintiff's land ; brought before a justice of the peace and thence by defendant's appeal to the Court of Common Pleas in New Haven County, where it was tried to the jury before *Hotchkiss, J. ;* verdict and judgment for the plaintiff for $20.00, and appeal by the defendant upon the ground that the verdict was against the evidence. *New trial denied.*

*Henry F. Hall*, for the appellant (defendant).

*E. A. Merriman*, for the appellee (plaintiff).

ANDREWS, C. J. The complaint in this case alleges that the plaintiff was, on the 1st day of April, 1892, the owner of a certain piece of land in the town of Cheshire, and that the defendant was the owner of a certain other piece of land in

the same town ; that on the 19th day of that month the defendant set a fire on his own land, which ran upon the land of the plaintiff and did damage.   The action was first brought before a justice of the peace in the said town of Cheshire, where judgment was rendered for the plaintiff to recover the sum of $20.00.   The defendant then appealed to the Court of Common Pleas in New Haven County.

In the latter court. the cause was tried to a jury who returned a verdict in favor of the plaintiff for the same sum. The defendant thereupon moved for a new trial on the ground that the verdict was against the evidence, and the court certified the evidence to this court.   After reading the whole evidence and duly considering the same, we are convinced not only that the verdict is not against the evidence, but that it is fully supported by the evidence, and expresses the only correct conclusion to which the jury could come.

In dismissing the motion we think it necessary only to observe, that while Chapter LI. of the Public Acts of 1893, under the provisions of which this case comes before us, has made some changes in the mode of access to this court, it has made none in the principles which determine under what conditions a verdict may be set aside, as against evidence. It still remains true that this relief will be granted only when manifest injustice has been done by the verdict, and the wrong is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they, or some of them, were influenced by corruption, prejudice, or partiality. It could not have been the intent of the new statute to enable counsel to bring a case here, at the expense of the State, upon a motion of this character, which they did not think might fairly be claimed to fall within this rule.

A new trial is denied.

In this opinion the other judges concurred.