State of Iowa v. Charles J. Seely, Appellant.

Criminal Practice. A statement that the record does not show any evidence denying intercourse, promise of marriage, or seduction, is not such a reference to defendant's failure to testify as will grant a new trial under Code, 3636, as amended.

*Appeal from Guthrie District Court.*—Hon. J. H. Henderson, Judge.

Wednesday, December 12, 1894.

The defendant was convicted of the crime of seduction, and adjudged to be imprisoned in the

penitentiary at Ft. Madison, at hard labor, for the term of thirteen months. From that judgment he appeals.—*Affirmed*.

*Sever & Neal* for appellant.

*John Y. Stone*, attorney general, *Chas. L. Powell*, county attorney, and *E. W. Weeks* for the state.

ROBINSON, J.—I. The appellant states, without any discussion of the evidence, that it fails to show that any crime was committed, and that it appears that the submission of the prosecutrix to him was voluntary, without artifice or promise on his part. It is sufficient to say, in response to this claim, that the evidence shows, almost without contradiction, that the crime was committed as charged in the indictment. The prosecutrix was a woman of previously chaste character, and submitted to sexual intercourse with the defendant by reason of his promise of marriage. The jury could not have done otherwise than find him guilty.

II. A new trial is sought on the further ground that an attorney for the state was guilty of misconduct during his argument to the jury, in referring to the failure of the defendant to testify in his own behalf. Section 3636 of the Code, as amended by section 1 of chapter 168 of the Acts of the Seventeenth General Assembly, contains the following: "Defendants in all criminal proceedings shall be competent witnesses in their own behalf, but can not be called as witnesses by the state; and should a defendant not elect to become a witness, that fact shall not have any weight against him on the trial, nor shall the attorney or attorneys for the state during the trial refer to the fact that the defendant did not testify in his own behalf; and should he do so, such attorney or attorneys shall be guilty of a misdemeanor, and defendant shall

for that cause alone be entitled to a new trial." The defendant in this case did not testify as a witness. It appears that, during a part of the opening argument to the jury made by an attorney for the state, the judge was absent from the court room, and the words in question were spoken during that time. What they were is a matter of dispute. The defendant claims that they were as follows: "Defendant or his counsel have not denied sexual intercourse of the defendant with this girl, and promise of marriage. I defy counsel to point out one word of testimony denying the promise of marriage, or sexual intercourse with the girl." These words are set out in the bill of exceptions as having been uttered. But, when the bill is considered as a whole, it is apparent that the judge did not intend to certify them as those which were spoken by the attorney. It is clearly shown that the judge did not hear the words, and that after they were uttered he was called into the court room, and then investigated the facts, and caused a record of them to be made, materially different from that which we have set out. As thus shown, the language used by the attorney was not clear. It did not, however, refer to the fact that the defendant had not testified, but to the fact that the record did not show any evidence denying the sexual intercourse, the promise of marriage, or the seduction. The language used was not within the statute, and does not furnish any ground for a new trial. We find no error in the record prejudicial to the defendant, and the judgment of the district court is AFFIRMED.