ELIZA BROOKS' APPEAL FROM PROBATE.

First Judicial District, Hartford, October Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A verdict will not be set aside upon the ground that the jury erred in passing upon a mere question of fact, unless this court can see that the verdict is so palpably and manifestly against the evidence as to indicate that the minds of the jurymen were not open to reason and conviction, or that an improper influence, from some cause or other, was brought to bear upon their deliberations.

[Argued October 6th—decided November 5th, 1896.]

APPEAL from an order and decree of the Court of Probate for the District of Winchester approving a certain instrument as the last will of Norman Brooks, deceased, taken to the Superior Court in Litchfield County and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the appellant, and motion by the appellees for a new trial (denied

by the trial court) for a verdict against evidence. *New trial denied.*

The case is sufficiently stated in the opinion.

*James Huntington* and *Alberto T. Roraback*, for the appellants (in support of the will).

*Charles G. Root*, for the appellee (the heir at law).

TORRANCE, J. This is a motion for a new trial for a verdict against evidence, made under the provisions of chapter 51 of the Public Acts of 1893.

The contest in the court below related to the validity of the will of Norman Brooks, who died in July, 1895, aged seventy-eight years, leaving a widow seventy-five years of age, but no children, nor representatives of them. The will in question was dated the 15th of January, 1895, and, after giving certain legacies to a nephew and three nieces, gave the residue of the estate to Edgar M. Clossey and Ralph H. Moore, as trustees, to hold in trust for the wife of the testator, and to pay over to her annually, or oftener if requested by her, the net use and income of said residue during her life; with a provision authorizing and directing the trustees to expend so much of the principal of the estate "as may be necessary for the comfortable maintenance and support" of the widow, if the use and income proved inadequate for that purpose. The 7th and 8th clauses of the will read as follows : "7. Any of the rest and residue of my estate that may remain unexpended at the decease of my said wife, I give, devise and bequeath to the aforesaid Edgar M. Clossey, to him and his heirs forever. 8. I hereby authorize my trustees abovenamed to sell and dispose of any or all of the real estate of which I may die seized and possessed, in their discretion, without being obliged to obtain an order from the Court of Probate so to do." Clossey and Moore were also by the will named as executors.

From the decree of the Court of Probate approving this will, the widow appealed to the Superior Court, alleging as

her reasons of appeal, among other things, that at the time of making said will the testator was not of sound mind, and also that said will had been obtained by undue influence exerted by said Clossey. The case was tried to the jury, who rendered the following verdict which was accepted by the court : "In this case the jury finds that there was undue influence exerted upon the testator, Norman Brooks, in the making of a part of said will, to wit, in making paragraphs Nos. 7 and 8 ; and therefore find that said paragraphs are null and void and should be set aside and for nothing had ; and we further find the remainder of said last will and testament should be and hereby is established and confirmed."

The executors now claim that this verdict, especially upon the issue of undue influence, was against the evidence in the cause.

In cases of this kind the question never is whether this court, upon the evidence in a cause, would come to the conclusion reached by the jury, but it is rather whether that conclusion is manifestly an unreasonable one under all the circumstances ; such an one as no jury, acting fairly and reasonably, would be likely to reach on the evidence. The evidence in such cases is considered with reference to the unreasonableness of the conduct of the jury in reaching their verdict, rather than with reference to its proving or disproving the specific facts in issue ; and it may frequently happen in such cases that the reviewing tribunal can say that although it would not have arrived at the same conclusion as the jury, yet it is not contrary to law or reason to have arrived at it. The question for this court in this case is not so much whether in our opinion the evidence proves or disproves the existence and exercise of undue influence, as it is whether the conduct of the jury in finding, from that evidence, that certain portions of the will were obtained by such influence, was plainly unreasonable under the circumstances ; whether the view they took of the matter is a permissible one at all. The principle involved in such cases has found concrete expression in many of our own reports, as a working rule or test for determining when, in cases of this kind, a new trial will

be granted or refused. In *Johnson* v. *Norton*, 64 Conn. 134, 135, it is said that a verdict will be set aside " only when manifest injustice has been done by the verdict, and the wrong is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they, or some of them, were influenced by corruption, prejudice, or partiality." This is in substance the rule as stated in *Derwort* v. *Loomer*, 21 Conn. 245, 252, in *Waters* v. *Bristol*, 26 id., 398, 404, and is the statement of the rule sanctioned and illustrated by all our decisions on this subject.

Furthermore, the chief complaint in this case is that the jury erred in weighing the evidence—erred in passing upon a mere question of fact; and in such cases this court " is reluctant, at all times, to set aside the verdict of a jury, for the cause that they have erred in weighing evidence ; nor do the court feel at liberty to do this, where the jury have passed upon a mere question of fact, unless we see that the verdict is so palpably and manifestly against evidence, as that it is apparent their minds were not open to reason and conviction, or that an improper influence, from some cause or other, was brought to bear on their deliberations." *Derwort* v. *Loomer, supra.*

Applying this principle and rule to the present case, we are of opinion, after carefully looking at and duly considering all the evidence, that the verdict is not against the evidence within the meaning of this rule, and consequently that a new trial should not be granted.

New trial denied.

In this opinion the other judges concurred.