TOWN OF SIMSBURY vs. THE TOWNS OF EAST GRANBY AND
WEST HARTFORD AND THE CITY OF HARTFORD.

First Judicial District, Hartford, May Term, 1897. ANDREWS, C. J., TOR-
RANCE, FENN, BALDWIN and HAMERSLEY, Js.

Section 630 of the General Statutes provides that children born before
marriage, whose parents afterwards intermarry and recognize them as
their own, shall be deemed legitimate, and shall inherit equally with
other children. *Held* that the effect of this provision was to legitima-
tize a child born before marriage, not only for the purpose of inherit-
ing property, but for all purposes.

A new trial for a verdict against evidence will not be granted if the record
fails to disclose anything from which improper conduct on the part of
the jury in fairly weighing the conflicting testimony and honestly and
reasonably reaching their conclusion, can be legally inferred.

[Argued May 6th—decided June 15th, 1897.]

ACTION to recover for support furnished certain paupers,
brought to the Court of Common Pleas of Hartford County
and tried to the jury, before *Calhoun, J.;* verdict and judg-
ment for the plaintiff against the town of Hartford only, and
motion for a new trial by that defendant for a verdict against
evidence. *New trial denied.*

The action was originally brought against the towns of
West Hartford and East Granby; before trial Hartford also
was made a defendant. The plaintiff claimed damages in
the alternative against one of the three defendants. Sepa-
rate judgments were rendered in favor of West Hartford and
East Granby, and against Hartford. Hartford filed a motion
for a new trial in pursuance of Chap. 51 of the Public Acts of
1893. The process of this court contained a transcript of
the record in the trial court and a report of the evidence.
The paupers supported were the wife, daughter and grand-
son (an illegitimate minor child of the daughter) of one Wal-
lace Sands. The daughter was the child of Sands and his
wife, but was born before marriage. It was admitted that
the paupers did not belong to Simsbury to support. If the

marriage of Sands had the legal effect of giving his domicil to the child born before marriage, then all the paupers belonged to the town where Sands had gained a settlement. At one time Sands had a settlement in East Granby ; and the principal question for the jury was whether this settlement had been lost and a new settlement gained either in West Hartford or Hartford. It was admitted that the notice to Hartford was sufficient in form, but not that it was given within the legal time. Upon argument it was claimed that each of the following material facts were found against the evidence : that Sands had a settlement in Hartford; that his wife, daughter and grandson belonged to Hartford ; that Hartford had notice within the time required by statute in order to make it liable to Simsbury ; that the persons to whom supplies were furnished were in fact paupers.

*William J. McConville,* for the appellant (City of Hartford).

*J. Warren Johnson,* for the appellee (Town of East Granby).

*Joseph L. Barbour,* for the appellee (Town of West Hartford).

*George P. McLean,* for the appellee (Town of Simsbury).

HAMERSLEY, J.    Section 630 of the General Statutes provides : " Children born before marriage whose parents afterwards intermarry and recognize them as their own, shall be deemed legitimate and inherit equally with other children." We think the effect of this statute is to legitimatize children born before marriage, not only for the purpose of inheriting property, but for all purposes. It follows that the daughter of Wallace Sands, being a minor child of Sands and his wife at the time of their marriage, then took her father's domicil as fully as if she had been born in wedlock. This being so, the town in which Sands had his settlement was liable for the supplies furnished to all the paupers specified in the complaint.

The evidence on the trial below was conflicting, but there

was some evidence tending to support each material fact. Upon a careful examination we can find nothing in the record from which improper conduct on the part of the jury in fairly weighing this evidence and honestly and reasonably reaching their conclusion, can legally be inferred.

The present case is plainly governed by the rule long settled and quite recently reaffirmed. " This relief will be granted only when manifest injustice has been done by the verdict, and the wrong is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they, or some of them, were influenced by corruption, prejudice, or partiality." *Johnson* v. *Norton*, 64 Conn. 134, 135; *Brooks' Appeal*, 68 id. 294, 297.

A new trial is denied.

In this opinion the other judges concurred.