## THE STATE OF CONNECTICUT *vs.* WILLIAM BUXTON.

Third Judicial District, New Haven, January Term, 1907.
BALDWIN, HAMERSLEY, HALL, PRENTICE and THAYER, Js.

General Statutes, § 1509, declares that the neglect or refusal of the accused to testify shall not be commented upon to the court or jury. *Held* that a violation of this provision did not necessarily and as matter of right entitle the accused to a new trial; especially if, as in the present case, the comment was instantly checked by the trial court, the counsel rebuked, and the jury instructed that they could not consider the fact that the accused neglected to testify, nor the comment of counsel thereon. Under such .circumstances the refusal of the trial court to grant a new trial cannot be regarded as an abuse of its legal discretion.

Whatever absolute right the accused may have for an infraction of this statute should be exercised at once. If he neglects at the time to move for the discharge of the jury and voluntarily goes on with the trial to its close, he thereby waives that right.

A verdict will be set aside only when it has worked manifest injustice, and the wrong is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they, or some of them, were influenced by corruption, prejudice, or partiality.

In determining whether a verdict is against the evidence, this court will give weight to the decision of the trial court upon that question.

Argued January 22d—decided March 5th, 1907.

INFORMATION for placing an explosive compound in a stick of kindling wood with intent to injure the person and property of another, brought to the Superior Court in Fairfield County and tried to the jury before *Roraback, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

Upon the trial and during the opening argument of the Assistant State's Attorney, the following occurred: .

*Mr. Pullman.* " The accused has the right not to appear on the witness-stand, but by keeping off the witness-stand it shuts us off from asking him about his antecedents—

*Mr. Mullen.* (Interrupting.) " I will object.

*The Court.* " I don't think you have any right to comment on the fact that he neglected to testify.

*Mr. Pullman.* " I have not commented on it except to say that he has the right—

*The Court.* (Interrupting.) " It seems to me you are getting pretty close to the border line.

*Mr. Pullman.* " He didn't take the stand, as was his right—

*Mr. Mullen.* (Interrupting.) " I will object.

*The Court.* " I shall instruct the jury that the fact that he neglected to testify is not to be considered against him, and that that fact should in no way be commented upon to his prejudice.

*Mr. Pullman.* " So we don't know where he came from."

The defendant made no motion or other objection, but proceeded with the trial and submitted his case to the jury.

After verdict the defendant filed a motion for a new trial, claiming that the incident above recited furnished sufficient ground for a new trial, and also that the verdict should be set aside as against the evidence. The action of the court in denying this motion is assigned as error.

*George A. Mullen,* for the appellant (the accused).

*Galen A. Carter,* Special State's Attorney, for the appellee (the State).

HAMERSLEY, J. Any person interested in the event of any action, civil or criminal, as a party to the action or otherwise, is made by statute a competent witness. General Statutes, §§ 677, 1509. The statute abrogates an arbitrary common-law rule for the exclusion of relevant testimony. It is a part of the legislative process by which, since the year 1830, the law of evidence has been radically changed and brought into accord with a public policy, now firmly established, which deems the due administration of justice to be best served and the rights of parties to actions, civil

State *v.* Buxton.

and criminal, to be best enforced and secured, through the admission, as far as practicable, in all trials, of any relevant testimony, although of a nature implying infirmities formerly regarded as justifying an arbitrary rule of exclusion, leaving to the trier the duty of weighing that testimony in view of all infirmities that may affect its credibility.  General Statutes, §§ 508, 677, 678, 710, 1509, 1512.

Section 1509 provides that a person on trial for crime, although a competent witness, may testify or refuse to testify upon such trial, at his option.  This provision is essentially declaratory of the common law.  The maxim *nemo tenetur seipsum accusare*, expresses a personal right recognized by the common law long before it received any protection of constitutional guaranty.  The right is a personal one, involving exemption from compulsory disclosure of one's crime when called upon to testify upon his own trial or in any legal proceeding.  *State* v. *Willis*, 71 Conn. 293, 308, 41 Atl. 820.

Whether or not the conduct of a person, during his trial for crime, in testifying or neglecting to testify, is, under certain circumstances, a relevant fact which the jury may consider, as they may consider certain other facts which may transpire before them in the course of a trial, and so be the proper subject of comment by counsel, is a question we need not now consider.  The limits of proper comment may be prescribed by rule, and the statute enacts that " the neglect or refusal of an accused party to testify shall not be commented upon to the court or jury." § 1509.  It is certainly the duty of counsel to obey, and of the court to enforce, this statutory rule of practice.  The statute is silent as to the effect of a disobedience of the rule, and that effect must be found in the law regulating the enforcement of similar rules.  Disobedience is a fact which may or may not injuriously ·affect the accused, and does not entitle the accused to a new trial as of right, when it is clearly harmless.  In the case at bar the comment of counsel was instantly checked by the court, the counsel was rebuked, and the jury instructed that they could not con-

sider the fact that the accused neglected to testify, nor the comment of counsel; and these instructions were substantially repeated when the jury received their final instructions from the court. Under these circumstances we think the court performed its full duty, and did not abuse its legal discretion in denying the motion for a new trial on this ground. This view finds support in the following cases. *State* v. *Chisnell*, 36 W. Va. 659, 15 S. E. 412; *Calkins* v. *State*, 18 Ohio St. 366, 372; *State* v. *Hull*, 18 R. I. 207, 26 Atl. 191; *Ruloff* v. *People*, 45 N. Y. 213, 223; *Wilson* v. *United States*, 149.U. S. 60, 67, 13 Sup. Ct. Rep. 765; *Dunn* v. *State*, 118 Wis. 82, 87, 94 N. W. 646.

The defendant urges that immediately upon any disobedience of the rule the right of the accused to a new trial becomes absolute, and that the court is bound to dismiss the jury. But the accused may waive any matter of form or substance, except only what may relate to the jurisdiction of the court. *State* v. *Brockhaus*, 72 Conn. 109, 117, 43 Atl. 850; *Commonwealth* v. *Dailey*, 12 Cush. (Mass.) 80, 83. Any right this defendant may have had to a trial by a jury before whom no comment of any kind is made, is one which he may waive, and which in this case he did waive, by neglecting to move for a discharge of the jury at the time and by proceeding without further objection or motion to an adverse ending of the trial.

The motion for a new trial for a verdict against evidence was properly denied. The special claim of the defendant is that all the facts which can be regarded as proved by the testimony present a case of circumstantial evidence and do not exclude every reasonable hypothesis of innocence. The rule which must govern a trial judge in setting aside a verdict as against the evidence, stated in *Johnson* v. *Norton*, 64 Conn. 134, 29 Atl. 242, is too firmly settled by many decisions to be now questioned. A verdict will be set aside " only when manifest injustice has been done by the verdict, and the wrong is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the

suspicion that they, or some of them, were influenced by corruption, prejudice, or partiality." The question raised by the defendant's special claim is this: Is the verdict so manifestly unjust as clearly to denote that the jury made some mistake in applying the legal principle, that/ the entire evidence before them must exclude any reasonable hypothesis consistent with the innocence of the accused? This question was tried before the trial judge, and answered in the negative when he denied the motion. Upon appeal to this court the decision of the trial court is entitled to weight in reaching our conclusion. *Burr* v. *Harty*, 75 Conn. 127, 130, 52 Atl. 724; *Brooks' Appeal*, 68 Conn. 294, 297, 36 Atl. 47; *Loomis* v. *Perkins*, 70 Conn. 444, 447, 39 Atl. 797; *Fell* v. *Hancock Mutual Life Ins. Co.*, 76 Conn. 494, 496, 57 Atl. 175. The law regulating new trials is the same in civil and criminal proceedings. *State* v. *Lee*, 69 Conn. 186, 189–192, 37 Atl. 75; *State* v. *Brockhaus*, 72 Conn. 109, 116, 43 Atl. 850; *State* v. *Laudano*, 74 Conn. 638, 641, 51 Atl. 860. The trial judge held that upon all the facts which the jury might honestly have found, their verdict of guilty was not so manifestly unjust as clearly to denote that they had made the mistake in the application of legal principles claimed by the defendant. Upon an inspection of the evidence reported, we are unable to say the trial judge erred in this ruling.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.