# Commonwealth v. Marcinko, Appellant.

*Criminal law—Murder—Premeditation — Manslaughter — Evidence to reduce crime to manslaughter—Charge—Misstatement of evidence.*

1. A trial judge in charging the jury in a homicide case may express his opinion on the weight and effect of the evidence and may say to the jury that there is no evidence in the case to reduce the crime to manslaughter, provided such an opinion is warranted by the evidence, and would not amount to binding instructions.

2. On a trial for murder it was admitted that the deceased was killed by the defendant. The Commonwealth contended that the defendant stabbed the deceased with intent to take his life, and the defense was that the killing was accidental. The defendant testified that while he was fighting with a third person, the deceased struck him a number of times, that he was knocked down by this third person and in falling "put the knife in" the deceased. The court in its charge said that in its opinion defendant was not guilty of manslaughter, that "there is no evidence in this case of any heat or passion or provocation at all," that "even the defendant does not contend that Holland (the deceased) did anything to him," and that "there was, so far as the evidence in this case goes, on both sides, absolutely nothing that happened between this man an Holland, nothing at all." *Held,* error.

3. In such case the grade of the offense was for the jury under the evidence, and the charge of the court "Now, that being so, either one of two things happened; either the contention of the Commonwealth is correct that this man was angry or cross and stepped out there and stuck this knife into Holland, or the contention of the defense is correct that it was all the result of an accident when he was knocked down," deprived the jury of the right to determine the facts upon the evidence, if in their opinion the evidence warranted, to find defendant guilty of manslaughter, and amounted to a binding instruction that the jury must find a verdict of murder in the first degree or accidental homicide, and was error.

Argued October 6, 1913. Appeal, No. 246, Jan. T., 1913, by defendant, from judgment of O. & T. Schuylkill Co., May S., 1913, No. 521, on verdict of guilty of murder of the first degree in case of Commonwealth v. Joseph Marcinko. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Indictment for murder. Before BECHTEL, P. J.

The facts appear by the opinion of the Supreme Court.

The court charged the jury in part as follows: "You are not bound by our opinion but we tell you very frankly that we do not believe he is guilty of manslaughter, because there is no evidence in this case of any sudden heat or passion or provocation at all. Even the defendant himself does not contend that Holland did anything to him and no other witness does. There was, so far as the evidence in this case goes on both sides, absolutely nothing that happened there between this man and Holland, nothing at all. Now, that being so, either one of two things happened. Either the contention of the Commonwealth is correct that this man was angry or cross and stepped out then and stuck this knife into Holland or the contention of the defense is correct, that it was all the result of an accident when he was knocked down. One of these two stories is evi-

Assignment of Error—Opinion of the Court. [242 Pa.

dently the correct story in the case and these are the two theories on which the case is tried." (14)

The jury found a verdict of guilty of murder of the first degree and sentence of death was passed. Defendant appealed.

*Error assigned,* among others, was (14) charge of court as above quoted.

*George H. Kaercher,* with him *Joseph J. Brown,* for appellant.—The record does not show reasonable grounds for the court's statement in its charge: McClain v. Com., 110 Pa. 263; Com. v. Orr, 138 Pa. 276; Com. v. McGowan, 189 Pa. 641; Com. v. Cunningham, 232 Pa. 609.

Whether or not the deceased struck the defendant immediately before the killing must be regarded as the most material evidence: Com. v. Colandro, 231 Pa. 343.

There is nothing in this case from which a jury would have been justified in finding that the defendant committed the act in that state of mind which our Commonwealth characterizes as murder of the first degree: Com. v. Drum, 58 Pa. 9.

*C. A. Whitehouse,* District Attorney, with him *M. F. Duffy,* Assistant District Attorney, for appellee.—The trial judge can legally express an opinion as to the weight and effect of the evidence: Com. v. Cunningham, 232 Pa. 609; Com. v. Razmus, 210 Pa. 609; Com. v. McGowan, 189 Pa. 641; Medis v. Bentley, 216 Pa. 324; Com. v. Martin, 49 Pa. Superior Ct. 626.

OPINION BY MR. JUSTICE MESTREZAT, November 7, 1913:

We think the learned court committed reversible error in that part of the charge embraced in the fourteenth assignment which reads as follows: "You are not bound by our opinion, but we tell you very frankly that we do

not believe he is guilty of manslaughter, because there is no evidence in this case of any sudden heat or passion or provocation at all.   Even the defendant himself does not contend that Holland did anything to him, and no other witness does.   There was, so far as the evidence in this case goes, on both sides, absolutely nothing that happened there between this man and Holland, nothing at all.   Now, that being so, either one of two things happened.   Either the contention of the Commonwealth is correct that this man was angry or cross and stepped out there and stuck this knife into Holland, or the contention of the defense is correct that it was all the result of an accident when he was knocked down."

We have uniformly held that a trial judge may express his opinion in charging the jury in a homicide case on the weight and effect of the evidence and that he may say to the jury there is no evidence in the case to reduce the crime to manslaughter.   We have not held, however, that he may express such an opinion where it is not warranted by the evidence or would amount to binding instructions; on the contrary, we have imposed these limitations in the cases in which his right to express an opinion was sustained: McClain v. Commonwealth, 110 Pa. 263; Commonwealth v. Orr, 138 Pa. 276; Commonwealth v. McGowan, 189 Pa. 641.   In the McClain case, repeated in the McGowan case, we said: "In charging a jury in a homicide case, the court may express an opinion that there is nothing in the case to reduce the crime to manslaughter, where the same is not given as a binding instruction, and is moreover warranted by the evidence."

The opinion of the learned judge that the defendant was not guilty of manslaughter was predicated on the judge's statement that "there is no evidence in this case of any sudden heat or passion or provocation at all," that "even the defendant does not contend that Holland (the deceased) did anything to him," and that "there was, so far as the evidence in this case goes, on both

sides, absolutely nothing that happened there between this man and Holland, nothing at all." This was a misstatement of the evidence, and withdrew from the jury the defendant's own testimony. The defendant testified, inter alia, as follows: "Q. Did he (Donohue) strike him (the defendant) once or more than once? A. More than once, more than once. Q. How many times? A. I do not know how many times, he always was jabbing me, and I was afraid. I am not a strong fellow. And I said, 'What is the matter with you, Jim?' I had the knife in my hand. I says, 'What's the matter with you? You fighting.'......Q. Why did you want to go in the house with the knife? A. And Swany (alias Donohue) did not leave me go, and he struck me, and when I was going towards Swany I asked him, 'What's the matter with you?' Then the boarding boss (the deceased) struck me, and Swany struck me again and I fell towards him and put the knife in."

If the jury had believed this evidence, they might have found that the defendant was assaulted by the deceased and Donohue immediately before the fatal wound was given, and that while smarting from the blows and in heat of passion he struck the deceased with the knife which resulted in Holland's death. It is manifest that the evidence was vitally important to the defendant. If believed, it might have justified a verdict of manslaughter. It should, therefore, have been submitted with proper instructions for the consideration of the jury. The error in telling the jury there was no such evidence was not cured by the suggestion of the court that the jury were not bound by its opinion of the evidence. The positive declaration by the court of the absence of such evidence could not be dislodged from the minds of the jury by the suggestion that they were the judges of the facts. Such a declaration is not simply an opinion of the judge on all the evidence in the case; it is a positive instruction to the jury that there is no such evi-

dence on the question at issue, which in this case was of
vital moment to the defendant.

It was error for the court to charge that "now, that
being so, either one of two things happened. Either
the contention of the Commonwealth is correct that this
man was angry or cross and stepped out there and stuck
this knife into Holland, or the contention of the defense
is correct that it was all the result of an accident when
he was knocked down." It amounted to a binding in-
struction that the jury must find a verdict of murder in
the first degree or of accidental homicide. It deprived
the jury of the right to determine the facts upon the evi-
dence and, if in their opinion the evidence warranted, to
find the defendant guilty of manslaughter. The conten-
tion of the parties could not control the jury as to the
verdict they should render. The fact that the Common-
wealth urged a verdict of murder in the first degree and
the defense set up accidental homicide did not prevent
the jury from returning a verdict of manslaughter if, in
their judgment, the credible evidence justified such a
verdict. If the jury disbelieved the Commonwealth's
testimony and gave credence to the defendant's story
that he inflicted the fatal blow when in a rage or pas-
sion caused by the assault made on him by the deceased
and Donohue, the trial could have resulted in a verdict
of manslaughter. The grade of the offense was for the
jury under the evidence, and it was error for the court
below to withdraw the question from them.

The first thirteen assignments of error raise the single
question of whether the trial judge was warranted in
issuing an order for talesmen before the regular panel
of jurors had been exhausted. Counsel do not agree as
to the facts necessary to the proper adjudication of the
question and we will, therefore, not dispose of it. The
case is reversed for another reason and the question will
not necessarily arise on another trial.

The fourteenth assignment of error is sustained, and
the judgment is reversed with a venire facias de novo.