THE STATE OF CONNECTICUT *vs.* ANDREW MONAHAN
ET ALS.

Second Judicial District, Norwich, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

All the restriction imposed by the statute (§ 6634 as amended by Chap-
ter 89 of the Public Acts of 1919) providing that the neglect or
refusal of an accused to testify shall not be commented upon to
the court or jury, is the omission of all reference, directly or in-
directly, to the failure of the accused to testify; and while the trial
court should be alert to prevent violation of the statute by subter-
fuge or indirection, it cannot find a violation of the statute in the
argument of the State, fairly presented, that an essential of the
case stands uncontradicted, merely because this may suggest that
the accused had it within his power to testify upon this point.

Disobedience of this statute does not entitle the accused to a new trial
as of right, unless it appears to have injuriously prejudiced him
before the jury, and unless he has not waived its enforcement by
failing to make proper objection.

The better practice in making such objection is to move for the dis-
charge of the jury at the time of the comment, but where the
ground of objection was fairly stated at the time of the comment,
and the court stated that it would cover the matter in its charge,
there is no waiver by the accused.

If there is a violation of the statute, the court should be pointedly
explicit in telling the jury to disregard the comment. It should
make its ruling at the very time of the comment, and the ruling
should be so unequivocal as to discourage other like violations;
and hence a colorless charge, giving a general statement of the rule
without definite application to the situation before the jury, is
insufficient. In the present case, however, the court might well
have instructed the jury that the reference of the State's Attorney
to the failure of the defense to produce evidence as to certain
material facts was not a violation of the statute, and the court's
ruling and charge was therefore not prejudicial error to the accused.

Argued April 26th—decided June 1st, 1921.

INFORMATION for burglariously breaking and enter-
ing a freight-car in the night season and stealing a
barrel of potatoes therein, brought to the Superior

Court in New London County and tried to the jury before *Hinman, J.;* verdict and judgment of guilty, and appeal by two of the accused. *No error.*

*George C. Morgan,* for the appellants (the accused).

*Hadlai A. Hull,* State's Attorney, for the appellee (the State).

WHEELER, C. J.   The appeal raises a single point— error in the reference, by the State's Attorney in his argument to the jury, to the failure of the defense to produce evidence as to certain facts which were material in the case.   Counsel for the accused seasonably excepted to the remarks as constituting comment upon the failure of Church (one of the accused) to testify in the case.   The State's Attorney did not in this connection directly mention Church or his failure to testify in his own behalf.   Monahan and Plummer, the other accused, testified as witnesses for the defense.

Our Declaration of Rights, in affirmance of the common law, provides that an accused "shall not be compelled to give evidence against himself." Conn. Const., Article First, § 9.   General Statutes, § 6634, as amended by Chapter 89 of the Public Acts of 1919, supplements this constitutional guarantee, by providing that "the neglect or refusal of an accused party to testify shall not be commented upon to the court or jury."   This statute, deemed so essential to the just rights of an accused when first enacted, to-day has its doubters among our foremost jurists and publicists. But even though the appellate court, or the trial court, may regard the statute with less veneration than its originators did, and think even less of the judicial reasoning which supports an accused in failing to testify in his own behalf, neither court must permit

any neglect or unseemly tolerance in its enforcement. While the statute remains a law, it is the duty of counsel "to obey, and of the court to enforce," it. *State* v. *Buxton*, 79 Conn. 477, 479, 65 Atl. 957. The representative of the State does not obey this statutory rule if he comments in the course of the trial directly upon the neglect or failure of the accused to testify, or indirectly by reference, suggestion or inference, calls the attention of the jury so pertinently to this fact that the ordinary mind would understand that this was the meaning and direction of the comment. The intent of the statute is to exclude from the consideration of the jury the fact that the accused did not testify. "Substantially," the Supreme Judicial Court of Maine says, "as if the law did not allow him to be a witness." *State* v. *Banks*, 78 Me. 490, 492, 7 Atl. 269; *Commonwealth* v. *Scott*, 123 Mass. 239, 241. But disobedience of this statutory rule of practice does not entitle the accused to a new trial as of right, unless it appears to have injuriously prejudiced him before the jury. And failure of the court to enforce the statute will not of itself be ground for granting a new trial, for the accused may waive its enforcement "by neglecting to move for a discharge of the jury at the time and by proceeding without further objection or motion to an adverse ending of the trial." *State* v. *Buxton*, 79 Conn. 477, 480, 65 Atl. 957.

In the case before us the counsel for the accused seasonably objected because the remarks of the State's Attorney constituted comment upon the failure of Church to testify, and duly excepted. The better practice would have been to have moved for the discharge of the jury at the time of the comment, but since the ground of the objection was fairly stated, and the court had before it the exact claim of counsel, and the court, at the time, stated that it would cover the

matter in its charge, we think there is no basis for the claim that counsel waived the point by not following the most approved practice. The comment objected to was not comment upon the failure of the accused Church to testify. It neither directly referred to that fact, nor could an inference to that effect be fairly drawn from the comment. The comment was to the failure of the defense to produce evidence which was essential to the case of the accused. The statute prevents prejudice to an accused from his failure to testify; it does not prevent prejudice to his case from the failure to produce any evidence, or any sufficient evidence, to establish his case.

The State must establish the guilt of the accused as charged beyond a reasonable doubt. It has the right, in sustaining its burden, to point out in the argument the contradictions in the evidence, the failure to make explanation where such is reasonably to be expected, the failure to explain incriminating circumstances when such exist, the fact that the claims of the State stand uncontradicted or unexplained, or that the defense has introduced no affirmative evidence, or no adequate affirmative evidence. To deny the prosecution this right would prevent any fair analysis or proper discussion of the testimony. All fair and legitimate argument is open to the representative of the State. All the restriction which this statute imposes is the omission of all reference, directly or indirectly, to the failure of the accused to testify. The trial court should be alert to prevent violation of the statute by subterfuge or indirection, but it cannot find a violation of the statute in the argument of the State, fairly presented, that the essentials, or an essential, of the case stand uncontradicted, merely because this may suggest to the jury that the accused had it within his power to testify upon this point. The authorities sustaining

the views we express are numerous and in substantial harmony. Some of the instances in which comment by the prosecutor has been sustained are these: "Have they told us how she came by those bruises? . . . where she fell out of the wagon? Not a word, and yet how easy it was for them to have told us that." *State* v. *Smokalem*, 37 Wash. 91, 95, 79 Pac. 603. A statement that the record does not show any evidence denying intercourse, promise of marriage, or seduction. *State* v. *Seely*, 92 Iowa, 488, 61 N. W. 184. "Not a particle of evidence has come to you from the defendant, from his side of the case." *Frazier* v. *State*, 135 Ind. 38, 34 N. E. 817. "Now, gentlemen, who denied that he went to the wife . . . and gave her money?" *The People* v. *Spira*, 264 Ill. 243, 254, 106 N. E. 241. "There was not a syllable of testimony to contradict the evidence of the sale of intoxicating liquor on the 7th day of October, 1906." *State* v. *Labore*, 80 Kan. 664, 666, 103 Pac. 106. See also *Stout* v. *United States*, 142 C. C. A. 323, 227 Fed. Rep. 799; *State* v. *Nicola*, 169 Iowa, 173, 181, 151 N. W. 70; *Topeka* v. *Briggs*, 90 Kan. 843, 845, 135 Pac. 1184; *State* v. *Crawford*, 95 Minn. 467, 471, 104 N. W. 295; *Carlisle* v. *United States*, 114 C. C. A. 531, 194 Fed. Rep. 827, 830.

We reached a like conclusion in *State* v. *Griswold*, 73 Conn. 95, 99, 46 Atl. 829. The State's Attorney commented in argument: "If there are any errors in this book, why Griswold knew them, and he could have shown them. He could have produced witnesses to prove them," etc. The accused had not testified, but two clerks had testified in his behalf. We said of this (p. 100): "It seems to us that the most natural effect of this remark on the minds of the jury would have been to cause them to remember the omission by counsel for the accused to inquire of these witnesses. It was not a comment upon any neglect or refusal by

the accused to testify, but a comment on this omission." This we thought to be legitimate argument for enforcing the State's claims, and so, too, we think the comment excepted to was fair argument and in no possible view can be held to fall within the inhibition of the statute.

Counsel for the accused liken the comment in this case to that in *Wilson* v. *United States*, 149 U. S. 60 (13 Sup. Ct. 765): "If I am ever charged with a crime, I will not stop by putting witnesses on the stand to testify to my good character, but I will go upon the stand and hold up my hand before high Heaven and testify to my innocence of the crime." The two cases are wide apart. In the *Wilson* case the prosecutor directly violated the statute, and so flagrantly that a new trial was inevitable. An accused is protected in this jurisdiction against such argument by the respect which our State's Attorneys hold for the law and by the standard of professional fairness which as a rule they observe with fidelity. When the representative of the State shall fail in this duty, the law has provided our trial courts with ample power to enforce this statute.

The court, in accordance with its statement when the comment was made, charged the jury upon this matter as follows: "An accused person is not obliged to take the witness stand in his own behalf. If he feels that the State has failed to overcome the legal presumption of innocence, or for any other reason he decides not to become a witness, no inference prejudicial to him can be drawn from such failure to testify. Comment upon such failure should not be made, and if made should be disregarded by the jury."

As a general statement this is correct; as a guide to the jury in their consideration of the particular comment before them it lacked definite application. The court might well have instructed the jury that the comment in question was free from criticism because it

did not violate the statute. Had it violated the statute, the court should have been pointedly explicit in telling the jury to disregard the comment. Upon such a subject a colorless charge without definite application does not meet the requirements of the situation. The court should at the very time of the comment make its ruling, and, if the comment be in derogation of this statute, the ruling should be so unequivocal as to discourage other like violations.

There is no error.

In this opinion the other judges concurred.