*Judgment for the State.*
*Case remanded for sentence.*

STATE OF MAINE *vs.* FRASER SHANNON.

Somerset.     Opinion, January 18, 1938.

*Clayton E. Eames,* County Attorney for the State.
*W. Folsom Merrill,*
*Fred H. Lancaster,*
*Lloyd H. Stitham,* for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-SER, JJ.

THAXTER, J.    The respondent was tried on an indictment for perjury and convicted. During the course of the trial a number of exceptions were taken which are before this Court. But two of these, being to portions of the judge's charge, need be considered.

The respondent, about midnight of July 3rd, 1932, was severely injured in an explosion which occurred in the garage of one George R. Dow in the Town of Corinth. A number of persons had gathered in and about the garage for a Fourth of July celebration. Powder was brought into the garage and an improvised cannon was loaded and fired. After the cannon had been fired several times and while it was being loaded to be discharged again, it exploded. For the injuries which the respondent received in this accident, he brought suit against Dow and recovered a verdict of $6,181.81 which was affirmed by the Law Court. *Shannon* v. *Dow,* 133 Me., 235, 175 A., 766. The defense to that action was that Shannon had assisted in loading the cannon and was consequently barred from recovery by his own contributory negligence. His testimony in the civil case was that he had nothing to do with loading the cannon and that he took no part in the Fourth of July celebration. The contention of the State in the perjury trial was that this testimony was false.

In the perjury trial, the respondent introduced no evidence. The

two portions of the charge of the presiding Justice to which exceptions have been taken relate, first to an alleged misstatement of evidence, and secondly to an alleged failure to charge the jury properly with relation to the respondent's election not to take the stand.

As to the first objection, the court told the jury that carrying or bringing the powder to the cannon with which to load it might be considered as assisting in loading it with powder. No exception was taken to this. Then came the following comment: "Now you will remember there was some evidence from some witness — I am not undertaking to discuss the evidence of the witnesses — that this respondent was seen with powder or a can or some container in which it was testified the powder was put there at the scene of this affair shortly before, or some time that evening before the explosion which resulted in injury to this respondent." To this portion of the charge, an exception was taken.

As a matter of fact, the only evidence in the case on this point was from Mr. Dow, the proprietor of the garage, who testified: "I think Mr. Shannon had a can in his hand." There was nothing said about what kind of a can it was, what was in it, and there was no reference whatsoever to powder. This was of course an unintentional, but none the less a highly prejudicial, misstatement of the testimony. It concerned a vital point in the case, and a careful reading of the record indicates that such comment from the court may well have been a decisive factor in the verdict. It was clearly prejudicial error. *Stephenson* v. *Thayer*, 63 Me., 143, 147.

When the attention of the presiding Justice was called to the matter, he made the following qualification: "Now that is a statement on my part of my remembrance of the evidence. You will disregard it entirely if it does not coincide with your remembrance of the evidence. It is for you to say what the evidence was. Your remembrance of it controls, and if I was in error in referring to evidence which was not in the case you will disregard it entirely."

This comment was not effective to cure the harm which had been done. Surely nothing less than a positive correction of the error would have sufficed; and it has always been taken for granted that it is the imperative duty of the court to make such correction. *Jameson* v. *Weld*, 93 Me., 345, 355, 45 A., 299; *Grows* v. *Maine*

*Central Railroad Company,* 69 Me., 412, 416; *State* v. *Fenlason,* 78 Me., 495, 501, 7 A., 385. The trial judge, having once assumed the burden of referring to the testimony, can not thereafter wash his hands of the responsibility for an inaccurate version of it merely by telling the jury that the duty to decide the question is theirs. *Commonwealth* v. *Marcinko,* 242 Pa., 388, 392, 89 A., 457; *Mullen* v. *United States,* 106 Fed., 892; *People* v. *Jacobs,* 243 Ill., 580, 592, 90 N. E., 1092. The great deference, which a jury properly gives to an expression by the court, renders it incumbent on a judge to see that no misconception arises in their minds because of any statement of his.

The second exception concerns that portion of the charge wherein the presiding Justice attempted to explain to the jury the rights given to the respondent by R. S. 1930, Chap. 146, Sec. 19. This section reads in part as follows:

> "In all criminal trials, the accused shall, at his own request, but not otherwise, be a competent witness. He shall not be compelled to testify on cross-examination to facts that would convict, or furnish evidence to convict him of any other crime than that for which he is on trial; and the fact that he does not testify in his own behalf, shall not be taken as evidence of his guilt."

The court referred to this statute in the following language:

> "Now you have heard the evidence from the witnesses for the State. That is all the evidence in the case. The respondent has not seen fit to take the stand and offer——any evidence. A party is not obliged to take the stand in a criminal case. He may do so. In former times no respondent was allowed to testify, but as the rights of people were made more liberal persons charged with crime were allowed to testify. They were not obliged to, but they were allowed to. And when they do, of course, they subject themselves to the usual cross-examination and the usual liability of witnesses. When they do not they are protected to some extent by the statute which says the fact that they do not see fit to testify shall not be used as evidence against them. And so in this case you will not consider the fact that this respondent has seen fit not to take the stand as evi-

dence against him. You are to consider the case and decide it upon the evidence in the case which has been produced wholly on the part of the State."

The statute gave to this respondent a certain right. The jury was to draw no inference against him because he did not elect to testify. He was in the same position as if the law did not allow him to be a witness. He was entitled to have this explained to the jury in unequivocal language. *State* v. *Banks*, 78 Me., 490, 7 A., 269; *State* v. *Landry*, 85 Me., 95, 26 A., 998. This the presiding Justice failed to do. The first portion of the charge on this point refers to the fact that the only evidence was from witnesses for the State; that the respondent did not take the stand; that he could have done so; that thereby he would have been subjected to cross-examination; and that the statute protected him to some extent. Protected him from what? The implication is from having to make disclosure of certain facts on cross-examination. The language of the court, not only failed to give to the respondent that affirmative protection which the statute intended him to have, but inferentially at least tended to arouse in the jury the very prejudice against him by reason of his election not to testify, which it was the purpose of the statute to remove. The fact that the court in the next sentence explained the effect of the statute does not remedy the evil. Such statement is inconsistent with what went before, and, if it had any effect at all, served only to confuse the jury as to respondent's rights.

*Exceptions sustained.*
*New trial granted.*