O'CONNOR v. OHIO.

No. 477. Decided November 14, 1966.

*James W. Cowell* for petitioner.

*Harry Friberg* for respondent.

PER CURIAM.

This is the second time petitioner has come before this Court with the claim that the prosecutor's comment upon his failure to testify during his trial for larceny violated the constitutional right to remain silent. In *O'Connor* v. *Ohio,* 382 U. S. 286, we considered this contention when we granted certiorari, vacated the conviction and remanded the case to the Supreme Court of Ohio for further proceedings in light of our decision in *Griffin* v. *California,* 380 U. S. 609. Following remand, the Ohio court by a closely divided vote upheld petitioner's conviction solely on the ground that he failed to object to the proscribed comment at his trial and during his first appeal in the state courts. That failure was held to preclude the Ohio appellate courts from considering the claim that petitioner's federal constitutional rights had been infringed.

The State does not contest the fact that the prosecutor's remarks violated the constitutional rule announced

in *Griffin.* Moreover, it is clear the prospective application of that rule, announced in *Tehan* v. *Shott,* 382 U. S. 406, does not prevent petitioner from relying on *Griffin,* since his conviction was not final when the decision in *Griffin* was rendered. Indeed, in *Tehan* we cited our remand of petitioner's case as evidence that *Griffin* applied to all convictions which had not become final on the date of the *Griffin* judgment. 382 U. S., at 409, n. 3. Thus, the only issue now before us is the permissibility of invoking the Ohio procedural rule to defeat petitioner's meritorious federal claim.

We hold that in these circumstances the failure to object in the state courts cannot bar the petitioner from asserting this federal right. Recognition of the States' reliance on former decisions of this Court which *Griffin* overruled was one of the principal grounds for the prospective application of the rule of that case. See *Tehan* v. *Shott,* 382 U. S. 406, 417. Defendants can no more be charged with anticipating the *Griffin* decision than can the States. Petitioner had exhausted his appeals in the Ohio courts and was seeking direct review here when *Griffin* was handed down. Thus, his failure to object to a practice which Ohio had long allowed cannot strip him of his right to attack the practice following its invalidation by this Court.

We therefore grant the petition for certiorari and reverse the judgment of the Supreme Court of Ohio.

*It is so ordered.*