Keating, J.
(concurring). I concur in the result reached by the majority. I do not agree, however, that the fact that no objection was taken to the admission of the postindictment statement necessarily precludes the defendant from raising the point on appeal. The issue presented here is whether the rule enunciated by us in People v. Waterman (9 N Y 2d 561), and by the Supreme Court in Massiah v. United States (377 U. S. 201), should be given retroactive application. That decision should, in turn, be based upon the same considerations outlined by the Supreme Court in Johnson v. New Jersey (384 U. S. 719), and relied upon by us in People v. McQueen (18 N Y 2d 337). If it is determined for reasons of policy that the change in the law effectuated by Waterman and Massiah should be given retroactive effect then the fact that the defendant failed to make a useless objection should be of no consequence. (O’Connor v. Ohio, 385 U. S. 92; People v. McLucas, 15 N Y 2d 167.)
The Waterman-Massiah rule is quite similar in purpose and effect to that formulated by the Supreme Court in Miranda v. Arizona (384 U. S. 436) and, for reasons similar to those outlined in Johnson v. New Jersey (supra), I believe that the rule of those cases should not be applied retroactively. (United States v. Fay, 360 F. 2d 389 [2d Cir., 1966].)
The judgment of the Appellate Division should be affirmed.