STATE OF CONNECTICUT *v.* DANIEL A. WILKAS

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 8, 1966—decided January 6, 1967

*Fred B. Rosnick,* with whom, on the brief, was *Allan H. Hertzmark,* for the appellant (defendant).

*Francis M. McDonald,* deputy chief prosecuting attorney, with whom, on the brief, was *Arnold Markle,* chief prosecuting attorney, for the appellee (state).

ALCORN, J.   The defendant was convicted by a jury in the Circuit Court of selling liquor to a minor in violation of § 30-86 of the General Statutes.  The defendant did not testify, and the court charged the jury, as was then permissible, as to the circumstances which would permit an inference to be drawn from the failure of an accused person to testify. *State* v. *Nelson,* 139 Conn. 124, 127, 90 A.2d 157.   No exception was taken to the charge.   The defendant appealed to the Appellate Division of the Circuit Court on other grounds.   During the pendency of that appeal, the United States Supreme Court in *Griffin* v. *California,* 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106, decided that the fifth amendment to the constitution of the United States, made applicable to the states by the fourteenth amendment, forbids instruction by the court that the accused's silence may be considered as evidence of guilt.   In reliance on the *Griffin* decision, the defendant moved to rectify his appeal to include an attack on the charge, but the Appellate Division denied the motion on procedural grounds and found no error in the trial.

From that decision, the defendant sought certification of an appeal to this court on two grounds:

(1) the violation of his constitutional rights under the *Griffin* rule and (2) the failure of the state to prove the alcoholic content of the liquor allegedly sold to the minor. We granted certification on the second ground but declined to consider the first ground, the question not having been raised or decided in the trial court and the then-established rule of the United States Supreme Court appearing to be that, in a case such as this, state procedural requirements for raising a federal constitutional question would be respected. *Johnson* v. *New Jersey,* 384 U.S. 719, 735, 86 S. Ct. 1772, 16 L. Ed. 2d 882; *Mapp* v. *Ohio,* 367 U.S. 643, 659, 81 S. Ct. 1684, 6 L. Ed. 2d 1081. We have applied the *Griffin* rule on this basis and ordered a new trial where an exception to a charge regarding the inference to be drawn from the accused's failure to testify had been overruled by the trial court. *State* v. *Annunziato,* 154 Conn. 41, 43, 221 A.2d 57.

During the pendency of this appeal, however, the United States Supreme Court, on November 14, 1966, decided the case of *O'Connor* v. *Ohio,* 385 U.S. 92, 93, 87 S. Ct. 252, 17 L. Ed. 2d 189, holding, in circumstances similar to those in the present case, that failure to observe state procedural requirements is not a bar to an assertion, on appeal, of the *Griffin* rule, and, in *State* v. *Vars,* 154 Conn. 255, 272, 224 A.2d 744, we have applied the law as thus established.

Under these unusual circumstances, justice demands that we entertain the defendant's constitutional claim, which fully appears in the record before us. The controlling force of the *O'Connor* case is such that no further hearing or argument on this issue would profit either party. We are constrained, therefore, to hold that, under the retro-

active effect of the *Griffin* rule, the trial court erred in commenting to the jury on the defendant's failure to testify. It is unnecessary to consider the other issue.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.