## STATE OF CONNECTICUT *v.* JOHN CHASSE, JR.

### APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 8-11162

Argued February 6—decided March 17, 1967

*Fred H. White,* of New Haven, for the appellant (defendant).

*Robert M. Owens,* prosecuting attorney, for the appellee (state).

JACOBS, J. By substituted information, the defendant was charged in the first count with the crime of reckless driving, in violation of § 14-222 of the General Statutes, and in the second count with failure to obey an officer's signal, in violation of § 14-223 of the General Statutes. He was convicted

on both counts in a trial to the jury and has appealed.

The defendant did not take the stand in his own defense. The appeal raises two points: (1) Error in reference to comments made by the prosecuting attorney in his argument to the jury on the failure of the defense to produce evidence as to certain material facts; and (2) prejudicial and harmful error in the court's charge.

Turning to the first claimed error, the exact language used by the prosecuting attorney in his argument to the jury was: "No one has taken that stand to tell you what happened on this particular night as to speed or anything else. No one has taken the witness stand to say that he [the defendant] wasn't going that fast, or that he [the defendant] didn't go through the intersection at the speed that's been claimed." No objection was taken to these comments. Before closing his summation, the prosecuting attorney added: "Mr. White [defense counsel] and the judge will instruct you as to whether any inferences can be taken or deduced from the fact that Mr. Chasse didn't take the stand." The defendant duly objected to this last comment.

General Statutes § 54-84 provides: "Any person on trial for crime shall be a competent witness, and at his or her option may testify or refuse to testify upon such trial. . . . The neglect or refusal of an accused party to testify shall not be commented upon to the court or jury." "The intent of the statute is to exclude from the consideration of the jury the fact that the accused did not testify." *State* v. *Monahan,* 96 Conn. 289, 291. "It is certainly the duty of counsel to obey, and of the court to enforce, this statutory rule of practice." *State* v. *Buxton,* 79 Conn. 477, 479. In *Griffin* v. *California,* 380 U.S. 609, 614, the court held that adverse comment by a

prosecutor or trial judge upon a defendant's failure to testify in a state criminal trial violates the federal privilege against compulsory self-incrimination because such comment "cuts down on the privilege by making its assertion costly." See *State v. Annunziato,* 154 Conn. 41, 44; *State v. Vars,* 154 Conn. 255, 270; *State v. Wilkas,* 154 Conn. 407, 409. The state claims that the "defendant must move for a mistrial or take an exception when a prosecutor refers to the defendant's failure to testify during argument," and that the defendant, having done neither, at least with respect to the first comment, waived his rights under § 54-84, citing *State v. Leopold,* 110 Conn. 55, 59; *State v. Monahan,* supra, 292; and *State v. Carta,* 2 Conn. Cir. Ct. 68, 74. But in *O'Connor v. Ohio,* 385 U.S. 92, the Supreme Court of the United States held, per curiam, that even in the absence of timely objection to proscribed comment at his trial a defendant's failure to object cannot bar assertion of his federal right. Therefore, under the rule of the *O'Connor* case, no exception is necessary to preserve appellate review of a deprivation of a fundamental constitutional right, and the absence of an exception becomes immaterial. See *State v. Vars,* supra, 271; *State v. Wilkas,* supra. Moreover, the prosecutor's comments had the effect of placing upon the defendant the risk of an adverse inference arising out of nonproduction. See 8 Wigmore, Evidence § 2273, p. 450 (McNaughton Rev. 1961).

In *Chapman v. California,* 386 U.S. 18 (Feb. 20, 1967), the accused chose not to testify at their trial, and the prosecuting attorney took full advantage of his right under California's state constitution (art. I, § 13) to comment upon their refusal to testify. The convictions of the accused were affirmed by the California Supreme Court. *People v. Teale,* 63 Cal. 2d 178. The Supreme Court of the

United States granted certiorari limited to these questions: "Where there is a violation of the rule of *Griffin* v. *California,* 380 U.S. 609, (1) can the error be held to be harmless, and (2) if so, was the error harmless in this case?" *Chapman* v. *California,* 383 U.S. 956, 957.

The court first considered whether state or federal law governs. The court held (386 U.S. at 21): "We have no hesitation in saying that the right of these petitioners not to be punished for exercising their Fifth and Fourteenth Amendment right to be silent—expressly created by the Federal Constitution itself—is a federal right which, in the absence of appropriate congressional action, it is our responsibility to protect by fashioning the necessary rule." In fashioning a "harmless constitutional-error" rule, the court preferred to adhere to the approach it took in *Fahy* v. *Connecticut,* 375 U.S. 85, 86, where the court said: "The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." In *Chapman* v. *California,* supra, 24, the court went on to say: "We, therefore, do no more than adhere to the meaning of our *Fahy* case when we hold, as we now do, that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."

Thus, when we apply the federal standard as enunciated in the *Chapman* case to the case at bar, we entertain no doubt that the error claimed here was not harmless to the defendant. Under the circumstances of this case, it is completely impossible for us to say that the state has demonstrated, beyond a reasonable doubt, that the prosecuting attorney's comments did not contribute to the defendant's conviction.

The defendant was entitled to a trial free from the pressures of unconstitutional inferences. This he did not have.

This view of the effect of the prosecutor's comments renders it unnecessary for us to consider any other alleged errors.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KOSICKI and LEVINE, Js., concurred.