Anthony BRILL, Petitioner,

v.

W. D. SALISBURY, Supt., Chillicothe Correctional Institution, Respondent.

No. C 70–523.

United States District Court,
N. D. Ohio, E. D.
April 8, 1971.

Anthony Brill, pro se.

Paul W. Brown, Atty. Gen. of Ohio, for respondent.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

The petitioner was tried in the Lucas County, Ohio, Common Pleas Court and convicted of armed robbery and auto theft. Since November of 1963 he has been serving a ten to twenty-five-year sentence at the Chillicothe, Ohio, Correctional Institution. He charges, and the State does not dispute, that his conviction results at least in part from comment by the prosecution on his refusal to testify in his own defense. The State also agrees that had this case been pending after April 28, 1965, "the prosecutorial statement would be constitutionally violative" under the rule announced in Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) (Brief of Respondent, at 7). The essential question before this Court, then, is whether, under the terms of Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966) " * * * the original Ohio judgment of conviction in this case became final * * * before Griffin v. California was decided. * * *" 382 U.S. at 409, 86 S.Ct. at 461.

The petitioner apparently prepared a notice of appeal and sent it to the prison notary on December 4, 1963—within the thirty-day statutory period for an appeal of right under Ohio Revised Code § 2953.05. The papers remained forgotten in the notary's desk for over three-and-a-half years, to be discovered only in June of 1967. At this point the petitioner obtained counsel and was granted leave to file a delayed appeal. His appeals in the state courts have been unsuccessful; and as the respondent admits in his brief, the "petitioner has apparently exhausted his state court remedies." (Brief of Respondent, at 3)

This Court has jurisdiction under 28 U.S.C. § 2254.

The State asserts that the petitioner is barred by Tehan from asserting the Griffin rule, since by April 28, 1965, he had lost the right to appeal and could do so only by leave of the Court. Thus, according to the respondent, there are two district appeals involved: the first, never filed, expired before Griffin; the second, a delayed appeal, was allowed only by discretion of the Court.

The State's contention is intriguing, but it cannot be reconciled with this Court's understanding of the nature and theory of the appellate process. A delayed appeal is, no less than one taken within the prescribed time, a direct appeal. To consider it as a collateral appeal or to metamorphose it into some new category would be a senseless perversion of justice. In such a case, reason dictates that the leave to file a delayed appeal must relate back to the original date of the petitioner's conviction; it acknowledges and revives an extant right rather than create a new one.

A criminal conviction becomes final only when all channels of review have been exhausted or have been allowed to expire. Thus, had the State appellate court denied the petitioner's motion for leave for appeal, it would merely have reaffirmed the finality of his conviction. Clearly, such an order would have to relate back to the end of the statutory pe-

riod; any other result would be a logical incongruity. Here, however, the state court of appeals granted the petitioner leave to appeal; and reason dictates that this ruling as well must relate back, must have the intent and the effect of reviving the petitioner's right to review *ab initio*.

Tehan v. United States ex rel. Shott, *supra*, provides the limitations on the applicability of *Griffin*, and holds that it is not to be given retrospective effect. However, the Court there noted that: "Nor is there any question of the applicability of the *Griffin* rule to cases still pending on direct review at the time it was announced." Further clarification of the intention of *Griffin* and *Tehan* appears in O'Connor v. Ohio, 385 U.S. 92, 87 S.Ct. 252, 17 L.Ed.2d 189 (1966), in which a per curiam opinion of the Court held that:

> * * * it is clear the prospective application of that rule * * * does not prevent petitioner from relying on *Griffin*, since his conviction was not final when the decision in *Griffin* was rendered. 385 U.S. at 93, 87 S.Ct. at 253.

In that case relief was granted despite the petitioner's failure to object to the proscribed comment in the state courts: "Defendants can no more be charged with anticipating the *Griffin* decision than can the States." *Ibid*.

Having determined that the petitioner's conviction was, in this sense, not final, the Court thus has no alternative but to follow the precedent set in *Tehan* and *O'Connor* and hold that the *Griffin* rule is applicable to the comments made at the trial of the petitioner.

This decision makes it unnecessary for the Court's ruling to rest upon such metaphysical questions as whether, had the petitioner's appeal been processed normally it still would have been pending seventeen months later when the *Griffin* decision was handed down. It may be noted parenthetically, however, that such a delay is hardly inconceiva-

ble; and thus, that with a timely appeal, *Griffin* still might have been applicable.

Since there is no dispute as to the relevant facts in this case, and since the *Griffin* rule holds that any comment by the prosecution on the defendant's silence at trial is *per se* in violation of the Fifth and Fourteenth Amendments (380 U.S. at 615, 85 S.Ct. 1229), there is no need for any oral hearing to be held. The writ will issue, and the superintendent of the Chillicothe Correctional Institution will be directed to release the petitioner unless the State institutes retrial proceedings within sixty days of this date.

It is so ordered.