## Commonwealth v. Abraham

*William R. Balph, Jr.,* District Attorney, for Commonwealth.

*Gordon C. Post, Jr.,* for defendant.

LYON, J., December 27, 1973.—Defendant, Francis L. Abraham, was indicted at nos. 492 and 727 of 1971 in the Criminal Division of the Court of Common Pleas of Lawrence County for operating a motor vehicle while his license was suspended. The case is presently before the court for a determination of defendant's motion to suppress the certificate of suspension issued by the Commonwealth and dated February 25, 1969.

The district attorney and counsel for defendant stipulated as follows:

"It is stipulated by counsel that at the time of the offense, which is the subject of this proceedings, that the defendant did not have his operator's license, the same having been suspended prior thereto and were not reinstated at that time. The reason for the suspension was his failure to satisfy a judgment entered on an agreement to pay damages as a result of an automobile accident, and his license were [sic] suspended pursuant to section 1413 of the Motor Vehicle Code. The defendant asserts that the suspension occurred without first giving him an opportunity for a hearing and the Commonwealth can offer no evidence to the contrary."

The issue thus presented is whether defendant, who was not afforded a hearing prior to the suspension of his operator's license pursuant to section 1413 of The Vehicle Code and who has taken no direct action to challenge the validity of the suspension, may, in the instant proceedings, challenge the validity of the

suspension and have the certificate of suspension suppressed.

Section 1413 of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1413, as amended, 75 PS §1413, provides that the Secretary of Transportation, upon receipt of a certified copy of a judgment resulting from an automobile accident, shall suspend the license and registration of the person against whom such judgment was rendered. The act makes no provision for any type of hearing prior to the suspension of the license. It is defendant's contention that this failure to provide him an opportunity for a hearing prior to the suspension of his license constituted a denial of due process and that the certificate of suspension should therefore be suppressed. In support of this position, defendant cites Bell v. Burson, 402 U. S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971), wherein the Supreme Court held that a license issued to a motorist cannot be suspended without the procedural due process required by the Fourteenth Amendment. In the Bell case, the court held that due process requires that when a State seeks to suspend a motorist's license, it must afford, prior to the time the suspension becomes effective, notice and opportunity for a hearing appropriate to the nature of the case. Defendant also cites Reese v. Kassab, 334 F. Supp. 744 (W. D. Pa., 1971), wherein the court held that the Pennsylvania point system, under which defendant's operator's license was suspended for accumulating 11 points, denied defendant due process insofar as his license was suspended without prior notice and hearing. See also Warner v. Trombetta, 348 F. Supp. 1068 (M. D. Pa. 1972); Commonwealth v. Roeting, 7 Comm. Ct. 317, 300 A. 2d 125 (1973).

Although the foregoing authorities establish that the instant defendant was denied due process, they do not resolve the instant issue of whether defendant

may, in the instant proceedings, collaterally attack the validity of the suspension and thereby suppress the certificate of suspension. All of the above cases involved a direct appeal or challenge to the validity of a suspension without a hearing. Section 1413 of The Vehicle Code, supra, contains no provision for an appeal and the decisional law prior to 1968 held that there was no right of appeal. See 75 PS §1413, and cases cited therein. However, an appeal procedure was available to the instant defendant to challenge his suspension at the time of its initiation. See Department of Transportation v. Hosek, 3 Comm. Ct. 580, 284 A. 2d 524 (1971); Commonwealth v. Kready, 7 Comm. Ct. 448, 300 A. 2d 291 (1973); Commonwealth v. Roeting, supra.

The court in the Hosek case held that where The Vehicle Code is silent with respect to appeal, the constitutional amendment of 1968, found in the Pennsylvania Constitution, Article V, §9, grants a right of appeal to all citizens from an adjudication of an administrative agency. Article V, §9, adopted April 23, 1968, provides:

"There shall be a right of appeal in all cases to a court of record . . . and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law."

Pursuant to the mandate of the aforesaid Article V, §9, of the Pennsylvania Constitution, the legislature by Act of December 2, 1968, P. L. 1135, sec. 2, effective January 1, 1969, amended the Administrative Agency Law of June 4, 1945, P. L. 1388, by the addition of section 47, 71 PS §1710.47, which, in pertinent part, provides:

"[W]here the applicable acts of assembly are silent on the question of judicial review, any person aggrieved by such an adjudication [of an agency] . . . may nevertheless appeal the same . . . to the Court of Common Pleas of Dauphin County."

Thus, on February 25, 1969, when the certificate of suspension was issued to defendant, he could have appealed the action. However, we find that even if defendant had directly appealed and challenged the suspension in 1969, it would have availed him nothing. Prior to Bell v. Burson, supra, which was decided after defendant's license was suspended, it was uniformly held that driving privileges could be properly suspended without a prior hearing pursuant to section 1413 of The Vehicle Code. Thus, even if defendant had utilized the available statutory remedy of appeal, it probably would have been a useless act. Under these circumstances, the failure of defendant to utilize an available statutory remedy does not amount to a waiver of his right to collaterally attack the administrative order of suspension and raise the question of the denial of a constitutional right. See Commonwealth v. Heindel, 42 D. & C. 2d 205 (1967); 2 K. C. Davis, Administrative Law Treatise, §18.10 (1958). It would be manifestly unfair to hold that defendant had thus waived his right to raise the constitutional question, since the waiver is alleged to have occurred at a time when neither defendant nor his attorney, if he consulted one, had any way of knowing that there existed a right to be waived. The Supreme Court of the United States has already expressed this view in O'Connor v. Ohio, 385 U.S. 92, 87 S. Ct. 252, 17 L. Ed. 2d 189 (1966). See also Commonwealth v. Cheeks, 429 Pa. 89, 239 A. 2d 793 (1968); Commonwealth v. Baity, 428 Pa. 306, 237 A. 2d 172 (1968).

If defendant had been involved in a criminal proceeding, instead of a civil proceeding resulting in the suspension of his driving privileges, he could have raised the constitutional question in a collateral proceedings since, under these circumstances, the procedural due process claim would not have been waived by his failure to appeal: O'Connor v. Ohio, supra; Commonwealth v. Cheeks, supra; Commonwealth v. Baity, supra. The present criminal proceedings against defendant are wholly bottomed upon the suspension of his driving privileges in the prior civil proceedings which violated his constitutional due process right to a hearing. If we were to hold that the prior civil proceedings cannot be collaterally attacked in the present criminal proceedings for operating a motor vehicle while under suspension, it would be tantamount to holding that defendant has no proper remedy for the violation of his constitutional rights and would allow the government to enjoy the fruit of its unconstitutional action. It has been held by the Criminal Division of the Common Pleas Court of Beaver County, in Commonwealth v. Boggs, 59 D. & C. 2d 213 (1971), that defendant had a right to collaterally attack the suspension under somewhat similar circumstances where defendant did not take a direct appeal. In the Boggs case, defendant had accumulated 11 points under the Pennsylvania point system and his operator's license was suspended, without a hearing, pursuant to section 619.1(i) of The Vehicle Code of April 29, 1959, P. L. 58, sec. 619.1, as amended, 75 PS §619.1(i). Defendant did not appeal the suspension and, unlike the instant defendant, he did not prove such an appeal would have been fruitless. Subsequently, he was arrested and charged with operating a motor vehicle while his license was under

suspension. Defendant filed a motion to suppress, as evidence at trial, the certificate of suspension issued by the Commonwealth. The court granted defendant's motion to suppress the certificate of suspension and held that, because defendant was denied his constitutional right of due process, the administrative order of suspension could be collaterally attacked.

Further support for our holding that the certificate of suspension issued in violation of defendant's constitutional right to due process may be collaterally attacked is found in the case of Loper v. Beto, 405 U.S. 473, 92 S. Ct. 1014, 31 L. Ed. 2d 374 (1972). In Loper the court held that evidence obtained in violation of defendant's constitutional right may not be used in a subsequent proceeding to support or establish the guilt of defendant in the later proceeding. Accord, Burgett v. Texas, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967); U.S. v. Tucker, 404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972). In Loper four prior convictions of defendant were used to impeach his credibility in a State court criminal proceeding. Defendant was convicted on the charge and sentenced to imprisonment. Thereafter, defendant brought a habeas corpus proceeding in a United States District Court alleging that the four prior convictions were constitutionally invalid under the rule of Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), in that he was denied the right to counsel in the prior convictions. The court held that the use of the record of the prior uncounseled convictions to impeach defendant in the later State court proceeding deprived defendant of due process and was constitutionally prohibited; that the evidence was obtained in violation of defendant's constitutional rights and its use in impeaching the defendant tended to prove or imply his guilt in the later proceeding which was

in violation of the rule announced in Burgett v. Texas, supra; and that such use resulted in defendant suffering anew from the deprivation of his constitutional rights. Similarly, in the instant case, the purpose and effect of using the certificate of suspension in the present criminal proceeding would be to establish the defendant's guilt and thereby cause defendant to suffer anew from the deprivation of his constitutional rights.

In view of the above, we find that the case of Commonwealth v. Millard, 16 Cumberland 104 (1966), cited by the Commonwealth, is not persuasive. This case was decided prior to Bell v. Burson, supra, and the constitutional question of the right to due process was not discussed or treated therein.

## ORDER OF COURT

Now, December 27, 1973, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the certificate of suspension of the driving privileges of Francis L. Abraham be and herewith is suppressed and may not be used as evidence in the criminal proceedings in the above-captioned case.