Lincoln ISAAC, Petitioner-Appellant,

v.

Ted ENGLE, Superintendent, Respondent-Appellee.

No. 78–3488.

United States Court of Appeals, Sixth Circuit.

Argued June 4, 1980.

Decided Dec. 12, 1980.

As Modified Dec. 16, 1980.

George Clifton Edwards, Jr., Chief Judge, concurred and filed opinion.

Nathaniel R. Jones, Circuit Judge, concurred and filed opinion.

Lively, Circuit Judge, dissented and filed opinion in which Engel, Circuit Judge, joined.

Jay McKirahan, James R. Kingsley, Circleville, Ohio, for petitioner-appellant.

Lincoln Isaac, pro se.

William J. Brown, Atty. Gen., Simon B. Karas, Div. of Crim. Activities, Columbus, Ohio, for respondent-appellee.

Gary W. Crim, Atty. for Ohio Prosecuting Atty's Assn., Dayton, Ohio, amicus curiae.

Richard L. Aynes, School of Law, The University of Akron, Akron, Ohio, for amicus curiae/Ohio Public Defender Association and Appellate Review Office.

Before EDWARDS, Chief Judge, and WEICK, LIVELY, ENGEL, KEITH, MERRITT, BROWN, KENNEDY, MARTIN and JONES, Circuit Judges, sitting En Banc.

BAILEY BROWN, Circuit Judge.

In this appeal, we are confronted with the difficult task of determining the federal constitutional consequence, if any, of two decisions by the Supreme Court of Ohio. One of these decisions for the first time construed an Ohio statute to place the burden on the state in criminal cases of proving the absence of affirmative defenses, and the other decision held that only those defendants who had objected at the trial to jury instructions placing the burden on defendant to prove an affirmative defense could avail themselves on appeal of this interpretation of the statute.

I

Prior to 1974, Ohio followed the traditional common law rule that the defendant in a criminal case not only had the burden of going forward with evidence to create an issue as to an affirmative defense but also had the ultimate burden of proving such affirmative defense by a preponderance of the evidence. *State v. Seliskar*, 35 Ohio St.2d 95, 298 N.E.2d 582 (1973). As of January 1, 1974, however, a new statutory provision became effective. That provision, codified as Ohio Revised Code § 2901.05(A), stated:

> (A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused.

The language of the new statute was not free of ambiguity. As a result § 2901.05(A) was not initially considered to effect any change in the previous common law rule. As late as 1975, the Supreme Court of Ohio reaffirmed at least in a dictum the principle that a defendant must bear the burden of proving affirmative defenses by a preponderance of the evidence. *State v. Rogers*, 43 Ohio St.2d 28, 330 N.E.2d 674 (1975).[1]

---

1. In *Rogers,* the Ohio Supreme Court stated:

    The defense of using reasonable force to effect a citizen arrest necessarily involves an allegation of excuse or justification, and is, therefore, an affirmative defense (R.C. 2901.-05[C][2]) which places the burden of going forward with the evidence upon the accused (R.C. 2901.05[A]) to prove that issue by a preponderance of the evidence. See *State v. Seliskar, supra,* 35 Ohio St.2d 95, 298 N.E.2d 582.

## II

In 1975, appellant, Lincoln Isaac, was indicted in Ohio for felonious assault. At his trial, Isaac asserted that he had acted in self-defense. The trial court instructed the jury without any objection by Isaac that it was incumbent on Isaac to demonstrate self-defense by a preponderance of the evidence. The jury found Isaac guilty of the lesser included offense of aggravated assault. Isaac was sentenced to a term of six months to five years imprisonment.

Prior to any appeal by Isaac, the Supreme Court of Ohio, in *State v. Robinson*, 47 Ohio St.2d 103, 351 N.E. 103 (1976), concluded that § 2901.05(A) had changed the previously accepted common law rule allocating the burden of proof in criminal cases. The court construed § 2901.05(A), effective January 1, 1974, to adopt the majority rule that a defendant only has the burden of coming forward with sufficient evidence to create an issue as to an affirmative defense and that once such evidence is presented, the prosecution then must demonstrate beyond a reasonable doubt the guilt of the defendant even to the extent of disproving such affirmative defense. Interpreting § 2901.-05(A) in this manner, the Supreme Court of Ohio held that any jury instruction placing the burden of proving an affirmative defense on the defendant constituted prejudicial error.

Relying on *Robinson*, Isaac appealed his conviction. The Court of Appeals for Pickaway County held that Isaac had waived any error in the jury instruction on burden of proof by failing to object to that instruction. Accordingly, it affirmed Isaac's conviction. Isaac thereafter filed an appeal in the Supreme Court of Ohio. That appeal was dismissed in 1977 for lack of a substantial constitutional question.

On the same day that it dismissed Isaac's appeal, the Supreme Court of Ohio reaffirmed the interpretation of § 2901.05(A), placing the burden on the state to prove absence of affirmative defenses, that it had made in *Robinson*. *State v. Humphries*, 51 Ohio St.2d 95, 364 N.E.2d 1354 (1977). At the same time, however, the court held that appellant Humphries could not avail himself of this interpretation of the statute because he had not objected to the charge to the jury on this ground, relying on Ohio Criminal Rule 30. The court, nevertheless, in the same opinion, held that appellant Meyer, who had had a bench trial, could effectively raise the question on appeal since Criminal Rule 30 did not apply to such trials. Ohio has continued to so apply its contemporaneous objection rule. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).

In 1978, Isaac sought habeas corpus relief in federal district court. Without reaching the merits of Isaac's claim, the district court dismissed his petition. The court, relying on *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), held that federal habeas corpus review was precluded by an adequate state procedural ground, specifically, the Ohio rule that the failure to object to a jury instruction waived any error in such instruction.

In *Isaac v. Engle*, 646 F.2d 1122 (decided February 8, 1980) a panel of this court reversed the decision of the district court, Judge Celebrezze writing a concurring opinion. The focus of the panel opinion was on the constitutionality of Ohio's use of its contemporaneous objection rule as a means of limiting the benefits of the *Robinson* decision. The panel opinion concluded, preliminarily, that *Wainwright v. Sykes* was simply not applicable and therefore there was no bar to consideration of this constitutional claim since such claim was not directed at the substantive validity of the jury instructions allocating the burden of proof. As to the merits of the claim, all three members of the panel determined that Ohio's failure to grant Isaac the benefits of *Robinson* represented a denial of due process. The panel divided, however, as to the appropriate basis for reaching such a conclusion. Judges Peck and Phillips determined that Ohio's use of its contemporaneous objection rule was arbitrary and capricious and therefore a denial of federal due process under the circumstances of this case because there was no basis for objection to

the jury instruction at the time of Isaac's trial. Judge Celebrezze, adopting a somewhat broader approach, maintained that the placing of the burden of proof is so critical in the truth-finding process that the change in interpretation of the law allocating that burden must have "retroactive application" without any limitations based on state procedural rules.

We granted a petition for rehearing *en banc* to consider the important issues presented by this case.

## III

We recognize that the use of a contemporaneous objection rule as a procedural device to deny a defendant the retroactive benefits of an important change in state law is arguably arbitrary and capricious when there did not exist a reasonable basis for an objection at the time of the trial. The Supreme Court, however, has at least suggested that such a use of a procedural rule may be a valid means of limiting the retroactive benefit of a new constitutional principle. *Hankerson v. North Carolina*, 432 U.S. 233, 244 n.8, 97 S.Ct. 2339, 2345 n.8, 53 L.Ed.2d 306 (1977). Moreover, as a matter of comity, states are entitled to some deference in the manner that they apply their own procedural rules. We are therefore hesitant to hold, as did the panel opinion, that this use of a contemporaneous objection rule to limit the retroactive benefits of a new statutory interpretation is, *ipso facto*, violative of due process.

We believe that the more appropriate focus is on the underlying claim, in this case the constitutional validity of the jury instructions given at Isaac's trial as considered in light of *Robinson* and *Humphries*. In this context, the threshold question, then, is not whether the state's limiting of the retroactive benefits of a new statutory interpretation through the use of a procedural rule is constitutional but whether that state procedural rule effectively precludes federal habeas corpus review of the underlying constitutional claim.

## IV

In *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court held that a petitioner's failure to comply with a state procedural rule represents an independent and adequate state ground barring habeas corpus review of a constitutional claim absent a showing of cause for the noncompliance and a showing of prejudice resulting from the constitutional violation.[2] The Court, however, declined to define precisely what would constitute "cause" and "prejudice." That task was left for development in subsequent cases. While the "cause" and "prejudice" standards of *Wainwright* still remain somewhat undefined, we conclude that the circumstances of this case satisfy both of those standards.

■ At the time of Isaac's trial, there was no indication that the jury instruction given by the trial court was contrary to state law. Ohio had traditionally placed the burden of proving affirmative defenses on the defendant. Moreover, the Supreme Court of Ohio had in a dictum stated that the recently enacted statute, Ohio Revised Code § 2901.05(A), did not change the previous common law rule. *See State v. Rogers, supra*. Confronted with such well-established law, it would have seemed futile for Isaac to object to a jury instruction allocating to the defendant the burden of proving self-defense. A defendant cannot be expected to predict a change in the interpretation of state law when the law is so well-established and there has been no hint of a change in that law. *See O'Connor v. Ohio*, 385 U.S. 92, 87 S.Ct. 252, 17 L.Ed.2d 189 (1966). Moreover, it was not, as will be seen hereafter in dealing with the merits of Isaac's constitutional claim, until the later decision of the Supreme Court of Ohio in *Robinson, supra*, interpreting Ohio Revised Code § 2901.05(A) as placing the burden on the state to prove the absence of affirmative defenses, could Isaac know that the charge to the jury violated federal due process. Therefore, Isaac had legitimate

**2.** *See also Hockenbury v. Sowders*, 620 F.2d 111 (6th Cir. 1980).

cause for his failure to object to the jury instruction allocating the burden of proof.

■ The resulting prejudice is clear. The burden of proof is a critical element of the fact-finding process in a criminal trial. *See In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). An error in the allocation of that burden, here shifting from the state its burden of proving absence of self-defense beyond a reasonable doubt to the defendant to prove self-defense by a preponderance of the evidence, profoundly affects the basic fairness of a defendant's trial. In such cases, prejudice may be presumed. *Rachel v. Bordenkircher*, 590 F.2d 200 (6th Cir. 1978).[3]

Having found both "cause" and "prejudice," we are not precluded under *Wainwright v. Sykes, supra*, from considering whether it was a denial of due process to place on Isaac the burden of proving that he had acted in self-defense.

## V

In *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), the Supreme Court held that due process requires that the prosecution prove beyond a reasonable doubt "every fact necessary to constitute the crime." The underlying principle of *Winship* is clear. A heavy burden of proof must be imposed in criminal cases in order to minimize the chances of innocent persons being convicted. But while its principle is clear, the application of *Winship* has proved somewhat difficult in determining to what extent the prosecution must prove the absence of any affirmative defenses raised by a defendant.

In *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the Supreme Court held unconstitutional a Maine law placing on the defendant the burden of proving that, in killing a person, he had acted in the heat of passion. The Court seemed to suggest that a state could not, consistent with due process, shift to the

defendant the burden of demonstrating any fact which decreased the degree of culpability. Under this interpretation of *Mullaney*, the prosecution would be required to prove beyond a reasonable doubt the absence of any affirmative defense raised by the defendant, regardless of whether that affirmative defense negated an element of the crime as defined by state law.

Such a broad interpretation of *Mullaney* was rejected in *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). In that decision, the Court upheld the validity of a New York statute allocating to the defendant the burden of proving that he had killed a person while he was under the influence of extreme emotional distress, saying:

> We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused have been left to the legislative branch. We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the nonexistence of all affirmative defenses has never been constitutionally required; and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here.

*Id.* at 210, 97 S.Ct. at 2327.

■ We construe *Mullaney* and *Patterson* together to hold that due process requires that a state prove all elements of the crime as the state has defined the crime, that there are due process limits on the extent to which a state may shift the bur-

---

**3.** Since at trial Isaac by his testimony made a substantial issue as to his self-defense contention, he was in fact prejudiced by the court's charge to the jury and therefore Isaac need not rely on such presumption.

den to defendant by the way in which it defines crimes, but that a state may, consistent with due process, place the burden on defendants to prove defenses that have traditionally been treated as affirmative defenses if such defense does not negate an element of the crime. *Krzeminski v. Perini*, 614 F.2d 121 (6th Cir. 1980).

## VI

The indictment charged Isaac with felonious assault under Ohio Revised Code § 2903.11. This crime is defined by the statute as follows:

Felonious assault

(A) No person shall knowingly:

(1) Cause serious physical harm to another

However, Isaac was convicted of the lesser included offense of aggravated assault under Ohio Revised Code § 2903.12. This crime is defined by the statute as follows:

Aggravated assault

(A) No person, while under extreme emotional stress brought on by serious provocation reasonably sufficient to incite him into using deadly force, shall knowingly:

(1) Cause serious physical harm to another

At trial it was Isaac's contention that he was not guilty of any crime because he had acted in self-defense. In this connection the trial court charged the jury, stated succinctly, that, in order to establish this defense, it was necessary that he show by the preponderance of the evidence that, in striking the other party, Isaac reasonably believed that such action was necessary to protect himself from great bodily harm.

The defense of self-defense as defined in the charge to the jury at Isaac's trial does not negate an element of the crime of felonious assault or aggravated assault as such are defined in Ohio Revised Code § 2903.11 and § 2903.12. This is true since one could act knowingly (felonious assault) or knowingly and while under extreme emotional distress brought on by serious provocation reasonably sufficient to incite him into us-

ing deadly force (aggravated assault), and yet act in self-defense. Moreover, while according to *Mullaney* and *Patterson*, as we have noted, there are due process limits to the extent to which a state may redefine the elements of a crime and thereby reallocate the burden of proof to the defendant, *Patterson* holds that in failing to make absence of self-defense an element of the crimes of felonious or aggravated assault as defined in § 2903.11 and § 2903.12, Ohio did not violate due process.

Although the statutes defining felonious and aggravated assault did not make absence of self-defense an element of the crime, it is arguable that, in enacting the statute that was construed to place the burden on the state of proving absence of self-defense, Ohio had so made it an element of the crime. In *State v. Humphries, supra*, 51 Ohio St.2d at 111, 364 N.E.2d 1354, one of the Ohio justices did say that, in so construing Ohio Revised Code § 2901.-05(A), absence of affirmative defenses had been made an element of the crimes. (Locher, J., concurring in part and dissenting in part). We believe, however, that, under *Mullaney* and *Patterson*, the proper question to ask is: Can Ohio, having by statute assumed the burden of proof with respect to absence of self-defense, consistently with due process convict a defendant by applying a different and lesser standard of proof.

As we read *Mullaney* and *Patterson*, while the states are largely free to define crimes as they choose, fundamental fairness and therefore due process require that they prove the elements of the crimes, as the states have chosen to define them, beyond a reasonable doubt. We further conclude that, once a state assumes the burden of proving the absence of an affirmative defense beyond a reasonable doubt, fundamental fairness and therefore due process require it to meet the burden that it chose to assume. From the point of view of fairness and due process, there is no practical difference between requiring a state to prove the elements of crimes beyond a reasonable doubt and requiring it to meet its

assumed burden of proving absence of affirmative defenses beyond a reasonable doubt. Thus we conclude that, in Isaac's trial, placing the burden on him to prove self-defense by a preponderance of the evidence constituted a denial of federal due process.

## VII

■ Following the decisions of the Supreme Court of Ohio in *Robinson* and *Humphries*, the Ohio legislature amended Ohio Revised Code § 2901.05(A) so as to readopt the common law rule that a defendant must prove any affirmative defense by a preponderance of the evidence. On any retrial, Isaac is entitled to jury instructions consistent with Ohio law in 1975 as construed in *Robinson*. Any other result would give *ex post facto* effect to the 1978 amendment of § 2901.05(A). *See Breest v. Helgemoe*, 579 F.2d 95 (1st Cir.), *cert. denied*, 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1978); *United States v. Williams*, 475 F.2d 355 (D.C.Cir. 1973).

Accordingly, the judgment of the district court is reversed and the case is remanded. The district court is directed to order that Isaac be released from custody unless Ohio chooses to retry him within a reasonable time to be determined by the district court.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge, concurring.

Few cases in the history of this court have resulted in as much soul-searching thought and debate as has this case. I write to express concurrence in the result reached by Judge Bailey Brown's opinion for the majority of the en banc court. In my view, however, under *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), cited with approval and distinguished on the facts in *Patterson v. New York*, 432

U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), the due process clause of the United States Constitution commands that the burden of proof of criminal intent—clearly an element of Ohio's aggravated assault law— be placed on the prosecution. Here the burden of proof of self-defense was definitely placed on the defendant. Criminal intent of aggravated assault and self-defense are, in my view, completely irreconcilable. To require a defendant to carry the burden of proof on self-defense is to require him to disprove criminal intent.[1]

As to the retroactivity and the cause and prejudice issues discussed by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *see also Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), I join fully in Judge Brown's careful analysis showing that Isaac is entitled to a new and fair trial.

NATHANIEL R. JONES, Circuit Judge, concurring.

I concur in the result. A majority of the *en banc* Court agrees on only one point: that Isaac's imprisonment is in violation of due process of law. This result was reached by the original panel. The *en banc* Court does not agree on precise issues to be decided as well as their correct resolution. I reluctantly write separately because I believe that the plurality opinion does not provide a rationale to support its conclusion and to explain my disagreement with Judge Lively's and Judge Kennedy's dissenting opinions.

## I.

Ohio Rev.Code Ann. § 2901.05(A) became effective on January 1, 1974. In 1976 the Ohio Supreme Court held that § 2901.05(A) required defendants only to proffer evidence sufficient to *raise* the affirmative defense of self-defense. *State v. Robinson*,

---

1. A full understanding of this record has convinced me that this case is not a satisfactory medium for decision of the difficulties inherent in the collision between Ohio's tangled laws pertaining to self-defense and federal due proc-

ess standards as exemplified in *In re Winship, Mullaney v. Wilbur*, and *Patterson v. New York*. A motion to vacate the motion for en banc consideration as improvidently granted has, however, failed.

47 Ohio St.2d 103, 351 N.E.2d 88 (1976). Isaac was convicted in 1975. At Isaac's trial the jury was instructed that defendant had the burden of *proving* the affirmative defense of self-defense. Isaac did not object to such a jury instruction. The decision in *State v. Humphries*, 51 Ohio St.2d 95, 364 N.E.2d 1354 (1977) limits the retroactive application of *Robinson* to defendants who objected to the jury instruction at trial requiring defendants to prove self-defense. Isaac's petition for a writ of habeas corpus challenges only the use of Ohio's contemporaneous objection rule to deny him the benefit of the retroactive application of *Robinson.*

## II.

The plurality opinion defines the issue to be decided as whether Ohio can convict a defendant by applying a different or lesser standard of proof than that required by statute. The plurality opinion holds that it is "unfair" for a state not to meet the burden of proof assumed by it. However, we are not told the reasons *why.*

The Ohio Supreme Court justified applying a "different or lesser standard of proof" than that required by statute because Isaac failed to object to the jury instructions at trial. *State v. Humphries, supra.*

The contemporaneous objection rule presupposes the existence of an alleged error to be corrected. Isaac's jury instructions were in accord with well-settled Ohio law at the time of his trial. Thus, the panel's decision held that Ohio's use of the contemporaneous objection rule in Isaac's case did not have a "real and substantial relation to the ends sought to be attained by the use of" such a rule. This approach recognizes that state judicial decisions as well as state legislative determinations are subject to due process scrutiny. This analysis also implicitly recognizes that a state's failure to follow its own procedural rules raises due

process claims cognizable under 28 U.S.C. § 2254.

The concurring panel opinion stated that Isaac's jury instructions could have been objected to at trial on the principle enunciated in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).[1] However, it correctly relied upon *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), to hold that a state cannot deny full retroactive effect to a change substantially affecting the truth-finding process of a criminal trial.

The plurality opinion rejects these two plausible rationales, but offers none in their place.[2]

## III.

Judge Lively's dissent contends that the *Robinson* court's interpretation of § 2901.-05(A) to require defendants *only* to proffer evidence sufficient to raise a defense of self-defense "merely reduces the quantum of proof necessary to sustain such a defense." Assuming Judge Lively's interpretation of *Robinson* is correct, Isaac was entitled to a jury charge that if the jury had a reasonable doubt as to whether he acted in self-defense he should be found not guilty. Or, to state it differently, this is the equivalent of charging that the burden is on the state to *prove* the absence of self-defense beyond a reasonable doubt. Additionally, Judge Lively's interpretation of *Robinson* has an untenable result; the burden of proof of the affirmative defense of self-defense is on neither the defendant nor the prosecution.

Judge Lively also argues that "the quantum of proof necessary to sustain the defense of self-defense is a state procedural rule" which the state need not follow. However, a change in the "quantum of proof necessary to sustain the defense of self-defense" affects the truth-finding process at a criminal trial. *Hankerson* holds

---

1. *See* discussion of *Mullaney* in Part III, *infra.*

2. Isaac has not challenged the constitutionality of his jury instructions because *Robinson* holds such instructions were improper as a matter of state law. Nor has Isaac challenged the constitutionality of the statute under which he was convicted. Thus, the lengthy discussion in Parts V and VI of the plurality opinion is dicta.

that such a change must be retroactively applied.

Judge Kennedy's dissent asserts that the application of Ohio's contemporaneous objection rule bars federal review.[3] The decision in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) holds that a defendant's failure to object to error at trial will *not* bar federal review of his conviction if he had "cause" not to object and the alleged error is prejudicial. Isaac had "cause" not to object to the jury instructions at his trial. Isaac neither knew nor could have known that the jury instructions at his trial were improper under *Robinson*, decided two years after his trial. There is no better "cause" for Isaac's failure to object to jury instructions than that the jury instructions were proper at the time of his trial.

Judge Kennedy mistakenly argues that the decision in *Mullaney* was a predicate for Isaac to object to jury instructions at his trial. *Mullaney* decided the issue of the constitutionality of the definition of a substantive offense. Neither Isaac nor the defendant in *Robinson* challenge Ohio's definition of a substantive offense. Isaac, as well as the defendant in *Robinson* argue only that their jury instructions were inconsistent with a state law, ORC § 2901.05(A).

LIVELY, Circuit Judge, dissenting.

I respectfully dissent. Judge Brown's opinion recognizes that a state may place the burden of proving an affirmative defense upon a defendant so long as it does not require the defendant to prove an essential element of the crime. This is the holding of *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). However, the opinion of Judge Brown appears to treat O.R.C. § 2901.05(A),[1] in which

the legislature reduced the burden on a criminal defendant relying upon the affirmative defense of self-defense, as the equivalent of making the absence of self-defense an element of the crime of felonious assault. Thus the opinion holds that the State of Ohio violated Isaac's due process rights by permitting his conviction under instructions which placed upon him the burden of proving by a preponderance of the evidence matters as to which it had, by statute, assumed the burden of proof.

In *State v. Robinson*, 47 Ohio St. 103, 351 N.E.2d 88 (1976), the Ohio Supreme Court construed O.R.C. § 2901.05(A) and specifically declined to consider constitutional arguments based on *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). The syllabus in *Robinson*, which contains the holding of the court under Ohio practice, states:

> In a criminal case involving the affirmative defense of self-defense, the defendant has only the burden of going forward with evidence of a nature and quality sufficient to raise that defense, and does not have the burden of establishing such defense by a preponderance of the evidence. (R.C. 2901.05[A] construed.)

I do not read O.R.C. § 2901.05(A) and the *Robinson* holding as placing on the state a burden which is the equivalent of its burden of proving beyond a reasonable doubt each element of a charged offense. The statute and decision merely reflect the state's determination that a verdict of not guilty by reason of self-defense may be based on "evidence of a nature and quality sufficient to raise that defense." *Robinson*, supra. They eliminate the former requirement that self-defense be established by a preponderance of the evidence. In reducing the quantum of proof required to permit an acquittal on grounds of self-defense, the

---

3. "The question of when and how defaults in compliance with state procedural rules can preclude our consideration at a federal question is itself a federal question." *Henry v. Mississippi*, 379 U.S. 443, 447, 85 S.Ct. 564, 567, 13 L.Ed.2d 408 (1965).

1. Ohio Revised Code § 2901.05(A), effective January 1, 1974, provided:

(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused.

state did not make a determination that absence of the facts necessary to sustain a plea of self-defense "must be either proved or presumed." *Patterson,* supra, 432 U.S. at 215, 97 S.Ct. at 2329.

I base this interpretation of Ohio's action upon my understanding of the nature of the defense of self-defense. In *Patterson,* supra, the Supreme Court recognized that there is a type of affirmative defense which does not seek to negative any facts which the state is required to prove in order to convict; that is, it does not put into issue any of the elements of the offense. Instead, such an affirmative defense constitutes "a separate issue." 432 U.S. at 207, 97 S.Ct. at 2325. This is clearly true of self-defense under Ohio law.

In *State v. Poole,* 33 Ohio St.2d 18, 294 N.E.2d 888 (1973), the Ohio court recognized that all affirmative defenses to criminal charges are not the same. Some, such as accident or alibi, deny the existence of one or more elements of an offense. Affirmative defenses such as these put in issue an element of the charge and have no effect on the burden of proof. The burden is on the state to prove every element of an offense beyond a reasonable doubt whether the issue is joined by a plea of not guilty or by reliance on an affirmative defense of the type which controverts the existence of a particular element. To require a defendant to prove an affirmative defense of this type would be a violation of due process.

In *Poole* the Supreme Court of Ohio also defined self-defense under Ohio law. It stated that the defense of self-defense admits the existence of the elements of an offense but claims an independent ground for escaping conviction. It is in the nature of a civil plea of confession and avoidance— it admits the facts claimed by the prosecution to establish an offense but relies on the existence of a separate set of facts or circumstances which the law recognizes as an excuse. When established, this excuse exempts the defendant from liability. As the Supreme Court in *Patterson* recognized, it

does not violate due process to require the defendant to prove the existence of these facts or circumstances by a preponderance of the evidence. The jury does not reach a defense of self-defense until it finds that all elements of an offense have been established beyond a reasonable doubt. Thus there is no impermissible shifting of the state's burden.

*Hankerson v. North Carolina,* 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), does not require us to reverse the district court. In *Hankerson* the state court construed the plea of self-defense as putting in issue an element of the offense of murder— the element of unlawfulness. For a trial court to require a defendant to prove self-defense, thus defined, by a preponderance of the evidence, was clearly a violation of the rule laid down in *Mullaney v. Wilbur.* Since the Ohio Supreme Court has defined self-defense is just the opposite way in *Poole*—as not controverting an element of the charge—*Hankerson* does not control this Ohio habeas case. The jury charge at Isaac's trial did not shift the burden of proof as to any element of the offense, and thus did not violate the *Winship-Mullaney* rule. All that occurred was that a state court failed to follow a state procedural statute as it was subsequently construed by the state supreme court. No constitutional error occurred at Isaac's trial, in my opinion.

Nor do I perceive a constitutional violation in the Ohio Supreme Court's decision to limit the benefit of a retroactive application of its construction of the Ohio statute to those persons who objected to an erroneous instruction at trial. Though the Ohio court interpreted O.R.C. § 2901.05(A) in such a way as to make the instruction at Isaac's trial on the burden of proving the affirmative defense erroneous, the Constitution of the United States did not require such a construction. I believe it was within the authority of the court which construed the statute to determine the extent of its retroactive application.[2] The state did not vio-

---

**2.** In *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the Supreme Court

held that the decision whether to apply a new *constitutional* holding retroactively is largely

late Isaac's due process rights by requiring him to abide by a longstanding state rule of practice in order to obtain appellate review. Shortly before the Ohio Supreme Court determined in *State v. Humphries*, 51 Ohio St. 95, 364 N.E.2d 1354 (1977), to limit retroactive application of its *Robinson* decision to those defendants who had objected to an erroneous instruction, the Supreme Court appeared to invite such treatment by state courts in dealing with constitutional errors.[3] If a state has this option in dealing with a constitutional requirement, surely it is not a violation of due process to so limit retroactive benefit of a decision which merely construes a state procedural statute.

The Supreme Court reminded us in *Patterson* of considerations which should guide federal courts in deciding habeas corpus cases involving the administration by states of their own criminal justice systems:

It goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government, *Irvine v. California*, 347 U.S. 128, 134 [74 S.Ct. 381, 384, 98 L.Ed. 561] (1954) (plurality opinion), and that we should not lightly construe the Constitution so as to intrude upon the administration of justice by the individual States. Among other things, it is normally "within the power of the State to regulate procedures under which its laws are carried out, including the burden of producing evidence and the burden of persuasion," and its decision in this regard is not subject to proscription under the Due Process Clause unless "it offends some principle of justice so rooted in the traditions and conscience of our people as

to be ranked as fundamental." *Speiser v. Randall*, 357 U.S. 513, 523 [78 S.Ct. 1332, 1340, 2 L.Ed.2d 1460] (1958); *Leland v. Oregon*, 343 U.S. 790, 798 [72 S.Ct. 1002, 1007, 96 L.Ed. 1302] (1952); *Snyder v. Massachusetts*, 291 U.S. 97, 105 [54 S.Ct. 330, 332, 78 L.Ed. 674] (1934).

432 U.S. at 201–02, 97 S.Ct. at 2322.

I would affirm the judgment of the district court.

ENGEL, Circuit Judge, joins in the dissent.

MERRITT, Circuit Judge, dissenting.

On the merits of this case, I believe that the Constitution prohibits a state from eliminating the justification of self-defense from its criminal law and requires the state to prove as an element of the crimes of assault and homicide that no such self-defense justification exists. But I also believe that Judge Kennedy's analysis of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and footnote 8 in *Hankerson v. North Carolina*, 432 U.S. 233, 244, 97 S.Ct. 2339, 2345, 53 L.Ed.2d 306 (1977) is correct and requires us to affirm the District Court without reaching the merits.

CORNELIA G. KENNEDY, Circuit Judge, dissenting.

Were I to reach the merits of petitioner's constitutional claim, I would concur with Judge Lively. However, I would affirm the District Court's denial of the writ of habeas corpus without reaching the merits, since I agree with the District Court that petition-

---

one of policy. If this is so with respect to constitutional holdings, it cannot be argued that a stricter standard applies where a state court issues a new statutory interpretation.

**3.** *Humphries* was decided on July 20, 1977. The opinion in *Hankerson v. North Carolina*, issued June 17, 1977, contained the following footnote:

8. Moreover, we are not persuaded that the impact on the administration of justice in those States that utilize the sort of burden-shifting presumptions involved in this case will be as devastating as respondent asserts. If the validity of such burden-shifting pre-

sumptions were as well settled in the States that have them as respondent asserts, then it is unlikely that prior to *Mullaney* many defense lawyers made appropriate objections to jury instructions incorporating those presumptions. Petitioner made none here. The North Carolina Supreme Court passed on the validity of the instructions anyway. The States, if they wish, may be able to insulate past convictions by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error. See, *e. g.*, Fed.Rule Crim.Proc. 30.

er's claim does not fall within the "cause" and "prejudice" exception to the rule in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Petitioner objects to Ohio's failure to apply retroactively its determination that Ohio law removed from defendant the burden of proving self-defense by a preponderance of the evidence or, as the majority holds, its determination that Ohio law made the absence of self-defense an element of the crime of murder.

In *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the Supreme Court held that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the state's definition of the offense with which the defendant is charged. *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), held that the rule established in *Mullaney* and *Winship* was to be applied retroactively.

Petitioner did not object to the erroneous jury instruction during his trial, and thus ran afoul of Ohio's contemporaneous objection rule. In *Wainwright*, the Supreme Court held that where failure to comply with a state's contemporaneous objection requirement precludes direct review of a constitutional issue, it likewise precludes federal habeas corpus review, absent a showing that defendant had "cause" not to object and that "prejudice" resulted from his not objecting. This failure to comply with the state's contemporaneous objection rule amounts to an independent and adequate state procedural ground for affirming the conviction with regard to that issue. *Wainwright, supra*, 433 U.S. at 81–82, 86–87, 97 S.Ct. at 2503–2504, 2506. The majority in this case finds that petitioner had cause for the failure to object to the violation of *Mullaney* because *Mullaney* was unanticipated at the time of petitioner's trial.

The cause and prejudice exception to the *Wainwright* rule is not well-defined; in fact, there is little to guide the Court in its interpretation. *See Rachel v. Bordenkirch-*

er, 590 F.2d 200, 204 (6th Cir. 1978). However, when the Supreme Court in *Hankerson* made *Mullaney* retroactive, it observed that the resulting impact on the administration of justice would not be burdensome. The Court reasoned that if the validity of the burden-shifting instructions in cases of this type had been well settled, it would be unlikely that many defense lawyers would have made appropriate objections to those instructions. The Court then declared that:

> The States, if they wish, may be able to insulate past convictions by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error.

*Hankerson*, 432 U.S. at 244 n.8, 97 S.Ct. at 2345 n.8.

I believe, as the Fourth Circuit recently decided, that this language in *Hankerson* was intended to protect states whose rule might have violated *Mullaney* from a flood of new trials. *See Cole v. Stevenson*, 620 F.2d 1055 (4th Cir., 1980) (en banc). If, as this Court holds, a change in interpretation of the law provides "cause" for a defendant's failure to object at trial sufficient to satisfy the cause and prejudice exception of *Wainwright*, then the impact on the administration of justice of making that interpretation retroactive can never be mitigated by application of the states' contemporaneous objection rules. I do not believe that the suggestion in *Hankerson* to the contrary can be so freely ignored.

Further, the trial in this case was held three months after *Mullaney* was decided, and more than five years after *In re Winship*. Although it may have been difficult to anticipate when the Ohio courts would recognize that their procedure may violate *Mullaney* and *Winship*, or the exact manner in which the rule of those cases would be applied, the rule itself was not new or unanticipated.

It is clear that Ohio applied its contemporaneous objection rule in this case. It is also clear that Ohio intends to apply the contemporaneous objection rule generally in burden of proof cases. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Thus,

I would hold that petitioner does not fall within the cause and prejudice exception of *Wainwright,* and that federal habeas corpus review on this issue is precluded.